CHARLES BUNDY, Appellant, v. GEORGE F. GRANT et al., Respondents. — STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered March 23, 1966 in Delaware County, which granted a motion to dismiss the complaint insofar as it purported to allege a cause of action based upon a violation of section 240 of the Labor Law. The plaintiff, who was a general handyman and carpenter, met the defendant George Grant in the Village of Delhi on the morning of November 26, 1962. At that time the plaintiff, who had previously worked at the defendants' home, agreed at the request of the defendant George Grant to install new combination storm windows on the residence owned by the defendants. Later that day the plaintiff arrived at the residence in his own car with his tools, and proceeded to install the storm windows. Installation of the storm windows consisted of attaching them to the window casings of the building by means of several screws. Some of the windows were on the second story level and required the use of a ladder. In the course of the installation, the defendant

George Grant went to his barn and brought back a ladder. While the ladder was being used by the plaintiff, a rung broke causing the plaintiff to fall and sustain the injuries which form the basis of this action. Other than steadying the ladder and providing some general assistance to plaintiff, the defendant George Grant took no part in the installation of the windows and gave no instructions to the plaintiff. The complaint herein alleges that the accident and resulting injuries were caused solely by reason of defendants' negligence. One of the acts of negligence alleged in the complaint and in the bill of particulars is that the defendants furnished a defective ladder in violation of section 240 of the Labor Law. This appeal is from an order dismissing the cause of action contained in the complaint which is based upon the alleged violation of section 240 of the Labor Law. The pertinent provision of section 240 provides that: "1. A person employing or directing another to perform labor of any kind in the * * * repairing, altering * * * of a building or structure shall furnish * * * ladders * * * which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed." Prior to the decision of the Court of Appeals in *Connors* v. *Boorstein* (4 N Y 2d 172), the law was not clear as to whether the provisions of section 240 applied to a householder. (*Kluttz* v. *Citron,* 2 N Y 2d 379; *Overton* v. *Gerard,* 2 A D 2d 410; *Borzell* v. *Peter,* 285 App. Div. 983; *Johns* v. *Chall,* 9 Misc 2d 1094.) In the *Connors* case the plaintiff was a domestic in the employ of the defendants and fell from a stepladder on which she was standing while cleaning a storm window on the outside of the private residence of her employer. It was alleged that the injuries so suffered were due solely to the defendants' violation of section 240 of the Labor Law, in that the ladder furnished was too short and not equipped with proper bracing or support or any other other device to prevent it from tipping. The court held that the plaintiff was not entitled to the protection afforded by section 240 stating as follows at pages 173–175: " The statutory language of section 240 makes no reference to householders or domestics as such, nor does it mention outside window cleaning of private dwellings as a covered employment. The statutory words ' A person employing or directing another to perform labor of any kind in the * * * cleaning * * * of a building or structure shall furnish * * * ladders * * * which shall be so constructed * * * as to give proper protection to a person so employed or directed ' — standing by themselves and without more — should not be separated from context in order to create a liability which is clearly not contemplated when such words are read in the light of the whole enactment. When so done, it is significant to note that section 240 is found in article 10 of the Labor Law, which relates to ' Building construction, demolition and repair work.' It represents the culmination of a long legislative effort to provide safety and protection for persons using ' Scaffolding and other devices '. * * * It follows, as a matter of logic and common sense, that the word ' cleaning ' as used in context, has reference to the ' cleaning ' incidental to building construction, demolition and repair work and not to the cleaning of the windows of a private dwelling by a domestic. * * * It seems reasonable to suppose that, had the Legislature intended to extend the absolute liability of section 240 to a householder for the purpose of protecting a domestic engaged in cleaning the windows of his dwelling, it would have said so in words to that effect somewhere in the language of section 202 or section 240. " In the instant case it seems logically to follow that a handyman employed to install storm windows on a private residence is no more subject to the protection of the statute than the domestic cleaning the storm windows in the *Connors* case. It is significant to note that the

predecessor statute from which section 240 is derived, namely, prior section 18 of the Labor Law (L. 1897, ch. 415) provided that the protection afforded related to "the erection, repairing, altering or painting of a *house,* building or structure". (Italics supplied.) (*Schapp* v. *Bloomer,* 181 N. Y. 125.) Additionally, it appears that the installation of the storm windows here did not constitute "repairing" or "altering" defendants' residence within the purview of section 240 of the Labor Law. It cannot be said, as a matter of law, that the attachment of combination storm windows constitutes a repair or alteration of a building. (*Borzell* v. *Peter, supra.*) Order affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Staley, Jr., J.