■ ROBERT R. WITHEREL, Appellant, v BALLING CONSTRUCTION, INC., et al., Respondents. (And a Third-Party Action.) — Judgment unanimously reversed, on the law and facts, without costs, and a new trial granted. Memorandum: A new trial on the question of violation of subdivision 1 of section 240 of the Labor Law is required only because the trial court erred in permitting testimony to be introduced concerning alleged habits of workmen on the construction site in regard to drinking on the job. Although habit testimony may be admissible in certain limited circumstances, such as where a worker always operates a particular device in a particular way, such testimony is not

admissible where the habit is not "a deliberate and repetitive practice" (*Halloran v Virginia Chems.*, 41 NY2d 386, 392). Moreover, habits of plaintiff's co-workers are not probative of what plaintiff did on any occasion and are highly prejudicial. Testimony concerning plaintiff's alleged drinking on the day of the accident is admissible only insofar as it may tend to support defendants' theory of how the accident occurred, i.e., that the fall was not from the ladder and hence not proximately caused by a breach of defendant's statutory duty. Such testimony may not be used in connection with any alleged violation of subdivision 1 of section 240 of the Labor Law, since contributory negligence would not be a defense to such violation. (Appeal from judgment of Supreme Court, Erie County, Kuszynski, J. — negligence.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.