■ ETELA IZRAILEV, as Administratrix of the Estate of SEMA Z. IZRAILEV, Deceased, Appellant, v FICARRA FURNITURE OF LONG ISLAND, INC., et al., Respondents, et al., Third-Party Defendant.—In consolidated actions, *inter alia,* to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Dowd, J.), dated December 17, 1984, as in favor of the defendants and against her, upon a jury verdict.

Judgment affirmed insofar as appealed from, with one bill of costs payable to the respondents.

On June 14, 1978, the plaintiff's decedent, while employed by the third-party defendant K & R Electric Company, Inc.,

was working on an electric sign owned by the defendant Ficarra Furniture of Long Island, Inc., and located on the top of its store. Although it was a very windy day, the decedent only used a ladder which was held by his assistant. After receiving an electrical shock, the decedent fell and hit his head resulting in a comminuted skull fracture which caused his death three days later.

The plaintiff's theory of liability was based upon a violation of Labor Law § 240, namely, that the decedent was not provided with the necessary equipment (i.e., scaffolding, hard hats, rubber gloves, etc.) so as to enable him to perform his work safely.

The plaintiff's reliance upon Labor Law § 240 is misplaced. That provision is inapplicable to the instant case. The decedent's activities cannot be considered to be within the purview of Labor Law § 240, as the electric sign was in the nature of a trade fixture and not a structural part of the building itself. The sign was only attached with a number of screws, and was of use solely to the defendant Ficarra Furniture of Long Island, Inc. If that party vacated the premises, the sign would not remain in place. The duties and responsibilities set forth in Labor Law § 240 are not activated unless repairs, construction or alterations to the building or its structure are involved *(see, Meyers v Eve Screen Gems Video Servs.,* NYLJ, Aug. 1, 1983, p 12, col 4; *Bundy v Grant,* 29 AD2d 1017; *Borzell v Peter,* 285 App Div 983; *cf. Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Nastasi v Bradley,* 110 AD2d 628).

Further, there was no liability under common-law negligence principles. No evidence was adduced as to any defects in the sign or the ladder. It was not shown that the ladder ever moved or shook prior to or during the accident. Absent such proof, the verdict in favor of the defendants was proper and should be upheld. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.