■ FRANCESCO MANENTE et al., Appellants, v ROPOST, INC., Doing Business as CONTINENTAL MANOR RESTAURANT AND CATERING, et al., Respondents.—In an action to recover dam-

ages, *inter alia,* for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 14, 1987, which upon reargument granted the motions of the defendants 1035 Continental Casino, Inc., and Ropost, Inc., doing business as Continental Manor Restaurant and Catering, for partial summary judgment dismissing all claims by the plaintiffs under Labor Law § 240.

Ordered that the order is affirmed, with one bill of costs.

The services of the plaintiff Francesco Manente (hereinafter the plaintiff) as an electrician were engaged to repair malfunctioning light fixtures in the parking lot of the defendants' restaurant. The plaintiff determined the problem to be a bulb in need of replacement. After ascending a ladder secured to a light pole, the pole dislodged from its concrete base and fell to the ground, causing the plaintiff to sustain serious physical injuries.

The plaintiff's reliance upon Labor Law § 240 as a ground for imposing liability upon the defendants is misplaced. The malfunctioning lamppost was located in the parking lot of the premises. Thus, it was not part of a building or structure for purposes of the statute and, indeed, was not even physically connected to one *(cf., Izrailev v Ficarra Furniture,* 121 AD2d 685, *revd* 70 NY2d 813 [repair of a sign affixed to the facade of the building is part of the building or structure for the purposes of the statute]). Nor was the plaintiff at the time of the accident engaged in the type of repair envisioned by the statute. He was merely replacing a lightbulb in a lightpole located on premises on which there was no construction, demolition, renovation or any other type of structural work underway in either the parking lot or the building itself. In view of the strict liability imposed by the statute and the fact that such liability is generally imposed only to guard against inordinate dangers, we find no reason to strain the language of the statute to encompass the type of routine maintenance work performed by the plaintiff which was far removed from the risks associated with the construction or demolition of a building *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, *lv dismissed* 60 NY2d 554). Therefore, this was not a repair within the purview of Labor Law § 240 *(see, Domenikos v Jaybird Realty Corp.* [Sup Ct, NY County, Jan. 19, 1984, Greenfield, J.], *affd* 99 AD2d 688, *lv denied* 63 NY2d 605; *Bundy v Grant,* 29 AD2d 1017; *Borzell v Peter,* 285 App Div 983; *Grady v National Conduit & Cable Co.,* 153 App

Div 401). Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.