■ JAMES DEDARIO et al., Appellants, v NEW YORK TELEPHONE COMPANY, Respondent and Third-Party Plaintiff, and NIAGARA MOHAWK POWER CORPORATION et al., Respondents, et al., Defendant. NIAGARA CABLE INSTALLATIONS, INC., Third-Party Defendant-Respondent.—Order unanimously reversed on the law with costs to plaintiffs against New York Telephone Company and Niagara Mohawk Power Corporation, defendants' motions denied and plaintiffs' cross motion for partial summary judgment against defendants New York

Telephone Company and Niagara Mohawk Power Corporation granted. Memorandum: Plaintiff James Dedario was employed by third-party defendant Niagara Cable Installations, Inc. as an installer. On November 19, 1985, after installing Home Box Office (HBO) for a cable customer, he was injured when he fell from a wooden utility pole. The pole was jointly owned by defendants New York Telephone Company and Niagara Mohawk Power Corporation. Defendant Niagara Frontier Cable Television, Inc. was licensed to use the pole. Metal rungs were imbedded into the pole in a manner intended to facilitate ascent and descent.

To accomplish his purpose, plaintiff was required to climb the utility pole, detach the subscriber's cable, remove a frequency trap and then reconnect the cable. In climbing the pole, plaintiff used pole climbers, which are devices attached to his legs, but, in descending the pole, he used the metal rungs. As plaintiff stepped on the lowest rung, it bent under his weight and he fell approximately seven feet to the ground.

Supreme Court granted defendants' motions for summary judgment on plaintiff's causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), and denied plaintiff's cross motion for partial summary judgment under section 240 (1). The court reasoned that the utility pole was not a "structure" for purposes of Labor Law § 240 (1) and that the work in which plaintiff was engaged was not an activity contemplated by those sections of the Labor Law. We disagree.

Labor Law § 240 (1) provides, in pertinent part: "All contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

We first note that the statute should be read " 'as liberally as may be for the accomplishment of the purpose for which it was thus framed' " (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521, *rearg denied* 65 NY2d 1054, quoting *Quigley v Thatcher*, 207 NY 66, 68). In our view, the utility pole from which plaintiff fell is a "structure" within the meaning of the statute. It is designed, constructed and placed in a manner to facilitate its intended use. The metal rung construction presumes that workers will climb to elevated

heights. We also find that the installation of HBO as performed here by plaintiff constituted an alteration to the structure.

On review of all of the evidence submitted on the motions, we find that plaintiff has proved that the owners of the utility pole violated Labor Law § 240 (1) and that the violation was the proximate cause of his injury. We conclude, therefore, that plaintiff is entitled to summary judgment on the issue of liability against defendants New York Telephone Company and Niagara Mohawk Power Corporation. Since plaintiff failed to show that defendant Niagara Frontier Cable Television, Inc. is, as a matter of law, an owner or agent within the meaning of section 240 (1), partial summary judgment may not be granted against that defendant.

We also conclude that plaintiff's cause of action under Labor Law § 241 (6) was improperly dismissed. The alteration resulting from the installation of HBO is "construction work" within the meaning of the statute (see, 12 NYCRR 23-1.4 [b] [13]; see also, DaBolt v Bethlehem Steel Corp., 92 AD2d 70, lv dismissed 60 NY2d 554). (Appeal from order of Supreme Court, Erie County, Francis, J.—partial summary judgment.) Present—Dillon, P. J., Callahan, Green, Davis and Lowery, JJ.