■ PATRICK LEWIS-MOORS et al., Respondents, v CONTEL OF NEW YORK, INC., Appellant.—Levine, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered December 20, 1989 in Chenango County, which denied defendant's motion for partial summary judgment dismissing one of plaintiffs' causes of action.

Plaintiff Patrick Lewis-Moors (hereinafter plaintiff) was employed as a construction supervisor by E. E. Root & Sons (hereinafter Root), a general contractor. Root had entered into a contract with defendant, a regional telephone company, for the removal and replacement of a network of some 200 telephone poles in part of its service area. As plaintiff described in his examination before trial, his work entailed "removing anchor rods, guy wires, telephone poles, cable, strand, open wire, C-wires, pole tags, [and] buried pedestals".

Plaintiff was seriously injured in removing what was designated as pole No. 19, located on State Route 80 in the Town of Columbia, Chenango County. There was evidence that pole No. 19 was attached to a power pole across the highway by a telephone cable and a supporting guy wire, and was additionally supported by a down guy wire attached to a ground anchor. Plaintiff climbed pole No. 19 to begin the disconnecting process, and attached his safety belt to the pole. Upon disconnecting the telephone cable, the pole collapsed and fell across the road while plaintiff was still attached to the pole by his safety belt.

Plaintiff and his wife brought this suit against defendant to recover for personal injuries and derivative losses based upon theories of negligence and violations of the safety provisions of the Labor Law, including Labor Law § 240 (1). After joinder of issue and pretrial discovery, defendant moved for summary judgment dismissing plaintiffs' cause of action under Labor Law § 240 (1). Defendant appeals from the denial of its motion.

There should be an affirmance. Labor Law § 240 (1) provides

in pertinent part that "[a]ll * * * owners * * * in the * * * demolition [or] altering * * * of a building or *structure* shall furnish * * * for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (emphasis supplied). Defendant's primary contention is that, as a matter of law, a telephone pole is not a *structure* within the meaning of section 240 (1) and, hence, the absolute liability imposed thereunder does not apply. We disagree.

As early as its decision in *Caddy v Interborough R. T. Co.* (195 NY 415), the Court of Appeals opted in favor of an expansive application of "structure" in the Labor Law, noting that the term "in its broadest sense includes any production or piece of work artificially built up or composed of parts joined together in some definite manner" *(supra,* at 420). The court held that the meaning of structure should be gathered from the purpose of the law, to fix responsibility upon the "master" for proper erection of "scaffoldings and stagings" and "to assure the servant * * * of greater safety in their use" *(supra).* Thus, according to the court, the term "structure" must be broadly defined so as to bring within the protection of the statute all "artificially built up" objects *(supra)* requiring scaffolding and the like for workers engaged in their erection, demolition and alteration *(see, supra,* at 420-421). The foregoing liberal interpretation of "structure" still applies *(see, Kahn v Gates Constr. Corp.,* 103 AD2d 438, 447). Notably, the Fourth Department recently held that a utility pole, from which the plaintiff fell while installing cable for a customer, was a structure within the meaning of the statute *(see, Dedario v New York Tel. Co.,* 162 AD2d 1001 [4th Dept]). Further, Labor Law § 240 (1) continues to embody the goal of protecting workers and imposing safety responsibility upon owners and contractors for "a [broad] range of elevation-related hazards" *(Brogan v International Business Machs. Corp.,* 157 AD2d 76, 81; *see also, Region v Woodward Constr.,* 140 AD2d 758, 759, *lv dismissed* 72 NY2d 952).

In this case, plaintiff was at a worksite covered by the construction contract and, clearly, the collapse of the pole upon which he was working was an "elevation-related hazard". Under such circumstances, we are of the view that a telephone pole with attached hardware, cable and support systems such as horizontal and vertical guy wires, anchors, rods and a buried pedestal is a structure. Clearly also, the

*removal* of such a pole is an activity akin to alteration or demolition of a structure and, thus, covered under Labor Law § 240 (1). This factor by itself distinguishes the instant case from those principally relied upon by defendant holding that section 240 (1) does not protect such work as installing an electrical conduit *(see, Leahy v Funicello Elec.,* 134 AD2d 852) or replacing a light bulb on a light pole situated in a restaurant parking lot *(see, Manente v Ropost, Inc.,* 136 AD2d 681, 682).

Alternatively, defendant alleges that plaintiff's injury was not due to any violation of Labor Law § 240 (1) because he was equipped with the proper safety equipment, i.e., a safety belt, to prevent him from falling from an elevated height. However, we have not so narrowly construed the dangers to which Labor Law § 240 (1) is addressed *(see, Brogan v International Business Machs. Corp., supra; Region v Woodward Constr., supra).* Plainly, the structure plaintiff was working on was not equipped with sufficient "stays * * * blocks * * * braces * * * and other devices" as to give proper protection, i.e., to prevent its collapsing (Labor Law § 240 [1]), and thus a prima facie case of liability under Labor Law § 240 (1) has been established *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

Order affirmed, with costs. Mahoney, P. J., Casey, Levine and Mercure, JJ., concur.

Kane, J., dissents and votes to reverse in a memorandum. Kane, J. (dissenting). I respectfully dissent. Although fully aware of the liberal construction this court has applied to Labor Law § 240 (1) *(see, Kimball v Fort Ticonderoga Assn.,* 167 AD2d 581), I cannot conclude that an interpretation of the term "structure", contained therein, includes the utility pole at issue in the case at bar *(see, Manente v Ropost, Inc.,* 136 AD2d 681, 682; *Dougherty v State of New York,* 113 AD2d 983, 984-985; *but see, Dedario v New York Tel. Co.,* 162 AD2d 1001 [4th Dept]). "The word 'structure,' measured by its derivation, means something which is arranged, built or constructed" *(Chaffee v Union Dry Dock Co.,* 68 App Div 578, 583). A telephone pole is none of these and, in my view, is not subsumed within the term "structure", as envisioned by the Legislature, so as to impose absolute liability on those who would now be exposed to such liability in its "erection, demolition, repairing, altering, painting, cleaning or pointing" (Labor Law § 240 [1]; *see, Manente v Ropost, Inc., supra).* In my view, such absolute liability is "generally imposed only to guard against inordinate dangers" *(Manente v Ropost, Inc., supra,* at

682) and this court's historically liberal interpretation of Labor Law § 240 (1) does not mean we should "strain the language of the statute to encompass the type of routine maintenance work performed by the plaintiff" on something less than a structure *(supra)*. Accordingly, I would reverse Supreme Court's order and grant defendant's motion for summary judgment dismissing plaintiffs' Labor Law § 240 cause of action.