HAROLD TATE et al., Respondents, v CLANCY-CULLEN STORAGE Co., INC., Sued Herein as CLANCY & CULLEN STORAGE Co., INC., Defendant and Third-Party Plaintiff-Appellant. AFA PROTECTIVE SYSTEMS, INC., Third-Party Defendant-Appellant.

First Department, November 7, 1991

APPEARANCES OF COUNSEL

*Olivia M. Gross* of counsel *(Robert A. Fitch, William R. Pirk, Jr.* and *Arnold Stream* on the brief; *Neuman Schlau Fitch Burns & Lane, P. C.,* attorneys), for defendant/third-party plaintiff-appellant.

*Joseph T. Pareres* of counsel *(Fisher, Fallon, Salerno, Betelsky & Kelly,* attorneys), for third-party defendant-appellant.

*Scott N. Singer* of counsel *(Sacks & Sacks,* attorneys), for respondents.

## OPINION OF THE COURT

Asch, J.

Plaintiff, Harold Tate, while working for third-party defendant AFA Protective Systems, Inc. (AFA), in a warehouse

leased by defendant Clancy-Cullen Storage Co., fell from a ladder and sustained serious injuries.

Plaintiff was installing tubing over an exposed beam together with two helpers as part of the installation of a fire alarm system. He was standing on a 32-foot ladder for the job when he "reached over too much" and fell to the floor below and sustained serious injuries. No scaffolding had been provided to plaintiff; nor had he been furnished with safety belts or other safety equipment to prevent him from falling while working on the ladder.

All parties cross-moved for summary judgment on the issue of liability.

Plaintiff submitted the affidavit of Joseph Jacklets, a shop steward in the construction industry familiar with the proper use of ladders, scaffolding, and other safety devices. Mr. Jacklets opined that plaintiff should have been on a scaffold, with safety rails on all sides and not on a ladder. If a scaffold could not be used then plaintiff should have been provided with a ladder secured at both top and bottom to prevent shifting as well as a safety belt.

Third-party defendant AFA submitted an affidavit of Robert Schulz, its installation manager and a former alarm installer and field foreman who was fully familiar with the use of scaffolds and ladders used in the installation of fire alarm systems. After reviewing the various depositions, he concluded the safest way to perform the installation of the fire alarm systems was to use extension ladders. He noted that the ladder on which Mr. Tate was standing was properly secured at the bottom by a co-worker to prevent any shifting. He opined that by "footing" the ladder, it would not shift in any direction and thus the ladder was "appropriate, safe and secure". Defendant Clancy-Cullen submitted an affidavit from a biological psychologist, John Brick, who concluded after review of discovery material including hospital and medical reports that "plaintiff was intoxicated at the time of the alleged incident."

Defendants contend that plaintiff was not involved in an activity at the time of the accident within the purview of section 240 of the Labor Law since the installation of the fire alarm does not constitute "repairing" or "altering".

Section 240 (1) of the Labor Law provides, in pertinent part: "All contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or

pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

■ Section 240 was enacted for the protection of workers from injury and " 'is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed' ". *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521, quoting *Quigley v Thatcher,* 207 NY 66, 68.) A lessee in possession is deemed an "owner" or "agent" of the owner within the meaning of the statute and will also be cast in liability for any accident resulting from a violation of the nondelegable duties which the statute imposes. *(Glielmi v Toys "R" Us,* 62 NY2d 664.)

Since defendant is an "owner" within the meaning of the statute and plaintiff is a member of the class the statute was intended to protect, all he must prove is that the statute was violated and that the violation of the statute was the proximate cause of plaintiff's injuries. *(Zimmer v Chemung County Performing Arts, supra,* at 524.)

■ Further, the installation of the fire alarm system is an activity within the ambit of section 240. While defendants contend this case is similar to *Manente v Ropost, Inc.* (136 AD2d 681) where section 240 was not held applicable to include injuries sustained by an electrician falling from a ladder while changing a light bulb in a parking lot, the court in *Manente* specifically noted that the lamp post "was not part of a building or structure for purposes of the statute and, indeed, was not even physically connected to one *(cf., Izrailev v Ficarra Furniture,* 121 AD2d 685, revd 70 NY2d 813 [repair of a sign affixed to the facade of the building is part of the building or structure for the purposes of the statute])" *(supra,* at 682).

Here, plaintiff was engaged in affixing fire alarm tubing to a structural portion of the building. The replacement fire alarm system was necessary since the older one was no longer functional. Consequently, we find plaintiff's work was in the nature of "altering" or "repairing" of a building or structure and within the purview of section 240.

Plaintiffs maintain, although they have not appealed the IAS court's decision, that they should be awarded summary

judgment on the issue of liability, as a matter of law. Plaintiffs urge pursuant to black letter law that, in the absence of any dispute as to the facts, the court should search the record and grant partial summary judgment on their behalf *(see,* CPLR 3212 [b]).

■ However, as set forth in detail above, both plaintiffs and defendants submitted affidavits by experts at nisi prius which place in issue whether defendant complied with the mandate of section 240 by furnishing appropriate safety devices and whether a violation of section 240 was a proximate cause of the accident. Summary judgment was, therefore, properly denied to both defendants and plaintiffs.

■ Could plaintiff Harold Tate's alleged intoxication as a contributing cause of the happening of the accident be a defense to the cause of action? The short answer is no. Plaintiff is required to show that the violation of section 240 of the Labor Law was a contributing cause of the accident *(see, Zimmer v Chemung County Performing Arts, supra,* at 524). However, once that is done, no contributory negligence on the part of plaintiff will relieve defendant of any liability. Thus, the Court of Appeals has noted in such a section 240 case: "The jury was clearly entitled to find that, under the circumstances, defendants failed to satisfy the responsibilities imposed by section 240 (1) in that they had not 'erected' or 'placed' the ladder from which plaintiff fell in such a manner, or with such safeguards, as necessary to provide plaintiff with 'proper protection' while he was working on defendants' building. Consequently, *regardless of any carelessness on plaintiff's part which might also have contributed to his fall, defendants were properly held absolutely liable for the full extent of the damages proximately resulting from the improper placement of the ladder" (Bland v Manocherian,* 66 NY2d 452, 460 [emphasis added]).

Section 240 of the Labor Law may impose an absolute liability on "contractors and owners and their agents" where they fail to provide proper protection to the employee. Nevertheless, that statutory protection for workers did not completely abolish the common-law requirement that as a precondition for employer liability, proximate causation must still be shown, that there is a nexus between the lack of safety devices and the happening of the event from which the injury resulted. Certainly, section 240 of the Labor Law does not give absolution to the plaintiff where his injury has been caused, *exclusively,* as a result, of his own willful or intentional acts.

It is possible to trace the legal lineage of section 240 of the Labor Law, entitled "Scaffolding and other devices for use of employees" to the so-called "inherently dangerous" rule of the common law. That doctrine which began its tortious evolution in England with the "loaded gun" and "exploding lamp" cases was applied somewhat sporadically in New York, commencing with the ruling in the case of mislabeled poison *(Thomas v Winchester,* 6 NY 397), as most law students learn, and reached something of a reformation with the opinion by Judge Cardozo in the case of the defective automobile *(MacPherson v Buick Motor Co.,* 217 NY 382). *(See,* the discussion in Levi, An Introduction to Legal Reasoning, at 1-19, 72-74, reprinted in Berman and Greiner, The Nature and Function of Law.)

Whether the courts should give special recognition to scaffolding as an inherently dangerous instrumentality when compared with other technological innovations of the twentieth century is a question which was mooted by the Legislature, responding to the strident cries seeking additional protection for workers, about the turn of the century.

We note, therefore, that plaintiff's alleged intoxication would be admissible only as proof that such intoxication was the sole proximate cause of the accident. Implicit in this, is, of course, the supposition that the jury or trier of the facts finds that a violation of section 240 was not a contributory cause of the accident. *(See also, Witherel v Balling Constr.,* 99 AD2d 646.)

Accordingly, the order of the Supreme Court, New York County (Harold Tompkins, J.), entered November 21, 1990 which, *inter alia,* denied the motion and cross motion of defendant Clancy-Cullen Storage Co., Inc., and third-party defendant AFA Protective Systems, Inc. for summary judgment, should be affirmed, with costs and disbursements payable to plaintiffs.

SULLIVAN, J. P., MILONAS, ROSS and SMITH, JJ., concur.

Order, Supreme Court, New York County, entered November 21, 1990, unanimously affirmed, with costs and disbursements payable to plaintiff.