■ JOSEPH F. PAIGO et al., Appellants-Respondents, v WILLIAM DiBELLA, Respondent-Appellant. [596 NYS2d 515] —Weiss, P. J. Cross appeals from an order of the Supreme Court (Hughes, J.), entered March 27, 1992 in Albany County, which denied the parties' motions for partial summary judgment.

On August 3, 1987, plaintiff Joseph F. Paigo (hereinafter plaintiff) met defendant at defendant's two-family dwelling house in the City of Albany for the purpose of examining the roof for leaks. Both ascended a ladder owned by defendant to inspect the roof. Plaintiff agreed to return the next day to "fix the leak". The conversation finished, defendant started to descend the ladder followed by plaintiff. The ladder broke under their combined weight, causing both to fall to the ground. Plaintiff commenced this action alleging, *inter alia,* violations of Labor Law § 240 (1) and § 241 (6).* Following discovery, plaintiff moved for partial summary judgment on

---

* The complaint also alleges a derivative cause of action on behalf of plaintiff's wife.

the issue of liability under Labor Law § 240 (1) and defendant cross-moved for partial summary judgment dismissing the two Labor Law causes of action. Finding that issues of fact existed as to plaintiff's status at the time of the accident, Supreme Court denied both motions. This appeal by plaintiff and cross appeal by defendant ensued.

We start with the well-established premise that Labor Law § 240 (1) is to be liberally construed for the purpose of protecting workers "against the known hazards of the occupation" *(Koenig v Patrick Constr. Corp.,* 298 NY 313, 319) and that the duty imposed upon an owner or contractor to provide a safe place to work for all workers on the job is nondelegable *(Haimes v New York Tel. Co.,* 46 NY2d 132, 137). Further, the statute is to be interpreted as imposing absolute liability for a breach which has proximately caused an injury *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513). Labor Law § 241 (6) requires that all areas where construction work is being performed shall be equipped to provide reasonable and adequate protection and safety to the persons employed therein or who lawfully frequent such places *(Mordkofsky v V.C.V. Dev. Corp.,* 76 NY2d 573, 576-577). Because the ladder which broke causing plaintiff's injuries and the premises where the accident occurred were both owned by defendant, the remaining issue posited in this case, simply stated, is whether at the time of the accident plaintiff had been employed by defendant to perform the roof repairs *(see, Gibson v Worthington Div. of McGraw-Edison Co.,* 78 NY2d 1108, 1109).

Plaintiff contends and in his deposition testified that he had formerly been employed as a roofer, that he had previously repaired the subject roof for defendant and been paid for his work, that he was present on the day of the accident because defendant's father had called him to fix the leaking roof and that he went to the premises intending to do the work *(cf., Whelen v Warwick Val. Civic & Social Club,* 47 NY2d 970, 971). In opposition, defendant argues that he was to meet plaintiff at the house to obtain an estimate and to discuss the extent of the work required *(see, Gibson v Worthington Div. of McGraw-Edison Co., supra,* at 1109; *Mordkofsky v V.C.V. Dev. Corp., supra,* at 577; *Chabot v Baer,* 55 NY2d 844). Because the parties' contentions are contradictory and the record fails to conclusively prove either version, Supreme Court was correct in denying both the motion and the cross motion *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404).

Mikoll, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.