■ JAMES CHAPMAN, Appellant, v IBM CORPORATION, Respondent. [649 NYS2d 228] —Spain, J. Appeal from an order of the Supreme Court (Coutant, J.), entered May 24, 1995 in Broome County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Defendant and Marriott Corporation executed an agreement wherein Marriott agreed to provide operations and grounds maintenance to defendant's country club located in the Village of Johnson City, Broome County. Plaintiff was employed by Marriott as a "houseman" and worked at the country club setting up tables and chairs for parties and providing general security on the property. On August 4, 1991 plaintiff was directed by his supervisor, a Marriott employee, to retrieve a personnel lift machine and to raise himself to determine what was wrong with an overhead basketball backboard affixed to the gymnasium ceiling which would not swing down to its proper position. Plaintiff raised himself on the lift to a height of approximately 30 feet in the air, which was eight feet below the

backboard, to ascertain why the backboard would not descend. He was injured when the backboard dislodged and descended downward, striking him in the face and pinning him against the sidebars of the lift. Plaintiff commenced this action alleging, *inter alia*, causes of action arising under Labor Law § 240 (1) and § 241.

After issue was joined, Supreme Court granted defendant's motion for summary judgment, denied plaintiff's cross motion for summary judgment and dismissed plaintiff's complaint. Supreme Court determined, *inter alia*, that plaintiff was involved in "routine maintenance" with no evidence of any construction or renovation as contemplated by Labor Law § 240 (1) or § 241 (6). Plaintiff has limited this appeal solely to the issue of the applicability of Labor Law § 240 (1).

We affirm. Labor Law § 240 (1) provides, in pertinent part: "All contractors and owners * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

It is well settled that "Labor Law § 240 (1) is to be liberally construed for the purpose of protecting workers 'against the known hazards of the occupation' " (*Paigo v DiBella*, 192 AD2d 829, 830, quoting *Koenig v Patrick Constr. Corp.*, 298 NY 313, 319), and that the duty imposed upon an owner or contractor to provide a safe place to work for all workers on the job is nondelegable (*see, Haimes v New York Tel. Co.*, 46 NY2d 132).

Here, however, plaintiff's testimony at an examination before trial clearly indicates that he was aware that defendant had contracted with a separate company, Johnson Controls (hereinafter Johnson), for "all the maintenance to the [gymnasium] building". Plaintiff further testified that any repairs to the gymnasium building were completed by an employee of Johnson. Defendant's contractual obligation with Marriott never anticipated, nor did plaintiff's job description ever indicate, that any Marriott employee would be performing any maintenance or repairs to the gymnasium building. Plaintiff was, by his own admission, not employed to perform maintenance, construction or repair work in the gymnasium or, more specifically, any work on the basketball backboard. If any maintenance or repairs were needed in the gymnasium, Johnson was responsible for completing them. In view of the foregoing, we conclude that plaintiff was not within the class of people

for which Labor Law § 240 (1) was enacted to protect (*see, Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108; *Bosse v City of Hornell*, 197 AD2d 893, 894).

Moreover, assuming arguendo that plaintiff was in the protected class of people, it is our view that Supreme Court correctly determined that plaintiff, at the time of the accident, was not engaged in the type of repair work envisioned by Labor Law § 240 (1) (*see, Manente v Ropost, Inc.*, 136 AD2d 681), but rather was engaged in routine maintenance in a nonconstruction, nonrenovation context (*see, Howe v 1660 Grand Is. Blvd.*, 209 AD2d 934, *lv denied* 85 NY2d 803; *Edwards v Twenty-Four Twenty-Six Main St. Assocs.*, 195 AD2d 592, 593).

Crew III, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.