■ MICHAEL AVELINO, Appellant, v 26 RAILROAD AVENUE, INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [676 NYS2d 342] —Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered August 28, 1997 in Albany County, which partially granted a cross motion by defendant Albany Pallet and Box Company, Inc. for summary judgment dismissing the complaint against it.

At the time plaintiff sustained the injuries forming the basis for this action, he was acting within the scope of his employment with third-party defendant installing a dust collection system in the second-floor attic of a building occupied by defendant Albany Pallet and Box Company, Inc. (hereinafter defendant). While plaintiff was performing his work, a floor board gave way, causing plaintiff's leg to crash through the floor and plaintiff to injure his knee. Supreme Court granted partial summary judgment in favor of defendant dismissing, as relevant here, plaintiff's cause of action predicated upon Labor Law § 240 (1)* on the ground that plaintiff was injured while stepping on a permanent attic floor and his injury was not the result of an elevation-related risk calling for a protective device. Plaintiff appeals and we affirm.

Under plaintiff's analysis, any floor of any building, whether situated above, at or below ground level would constitute a scaffold giving rise to potential liability under Labor Law § 240

---

* We note that plaintiff's brief does not address Supreme Court's dismissal of his Labor Law § 241 (6) cause of action against defendant.

(1). Obviously, calling a floor a scaffold does not make it one and this Court has for many years subscribed to the principle that a permanent structure such as a floor, stairway or passageway does not constitute a "tool" or "device" within the purview of Labor Law § 240 (1) (*see, Williams v City of Albany*, 245 AD2d 916, *appeal dismissed* 91 NY2d 957; *Cliquennoi v Michaels Group*, 178 AD2d 839; *but see, Seguin v Massena Aluminum Recovery Co.*, 229 AD2d 839). We conclude that plaintiff did not succumb to the type of hazard that would have called for a protective device in the first instance, i.e., dangers incidental to an elevated worksite (falling worker) or from tools or materials positioned at a higher level (falling object) (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Francis v Aluminum Co.*, 240 AD2d 985, 987; *Sutfin v Ithaca Coll.*, 240 AD2d 989, 989-990; *compare, Richardson v Matarese*, 206 AD2d 353; *Collins v County of Monroe Indus. Dev. Agency*, 167 AD2d 914, *lv dismissed* 77 NY2d 874).

Plaintiff's additional contention that Supreme Court abused its discretion in refusing to consider his motion for summary judgment has been considered and found to be unavailing. In his opposition to defendant's motion, plaintiff had the opportunity to present all relevant evidence on the issue of defendant's liability under Labor Law § 240 (1), and the evidence that was proffered conclusively defeats plaintiff's cause of action.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.