■ KENNETH M. CROSSETT et al., Respondents, v CHARLES SCHOFELL, Appellant. [681 NYS2d 819] —White, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 26, 1998 in St. Lawrence County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

On August 21, 1995, defendant, the owner of a dairy farm located in the Town of Lisbon, St. Lawrence County, was forced to stop filling his silo with haylage when the fill pipe plugged up and became inoperable. To correct this problem, defendant retained plaintiff Kenneth M. Crossett (hereinafter plaintiff) who, to make the repair, had to climb a steel ladder affixed to the silo adjacent to the fill pipe. It appears that as plaintiff was reinstalling the pipe, his safety belt broke, causing him to fall 25 feet to the ground. Thereafter, plaintiff and his wife commenced this personal injury action seeking damages and derivative losses. Following discovery, they moved for partial summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action. Defendant responded by cross-moving

for summary judgment dismissing the aforementioned cause of action as well as plaintiffs' Labor Law § 241 (6) cause of action. Supreme Court granted plaintiff's motion and that portion of defendant's cross motion relating to plaintiffs' Labor Law § 241 (6) cause of action. Defendant appeals.

We affirm. Defendant maintains that plaintiff does not come within the protective shield of Labor Law § 240 (1) because he was merely performing routine maintenance work. In our view, inasmuch as the fill pipe was inoperable or malfunctioning, plaintiff was engaged in repair work and, thus, may maintain a claim under Labor Law § 240 (1) (*see, Izrailev v Ficarra Furniture*, 70 NY2d 813, 815; *Sprague v Peckham Materials Corp.*, 240 AD2d 392; *Carr v Perl Assocs.*, 201 AD2d 296; *compare, Cox v International Paper Co.*, 234 AD2d 757).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.