■ BRIAN M. CRAFT et al., Appellants, v CLARK TRADING CORPORATION et al., Respondents. [684 NYS2d 48] —Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered April 6, 1998 in Saratoga County, which, *inter alia*, denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff Brian M. Craft (hereinafter plaintiff), employed by Colonial Mechanical as a service technician to repair refrigeration, air conditioning and heating units, received a telephone call from his employer's answering service at approximately 3:30 A.M. on October 10, 1995, requesting that he contact a Price Chopper grocery store in the City of Gloversville, Fulton County. Upon such contact, he was told that the ice cream freezer case was malfunctioning and that someone was needed immediately to repair the problem. When he arrived, plaintiff was escorted to the permanently affixed ladder leading to the mechanical room located on the second floor. Without information about the layout of the room or its potential problems, plaintiff climbed the ladder and stepped onto a wooden floor. He observed three or four compressors racked together with another compressor set off by itself at the far right in the back of the room. He described the room as dimly lit, requiring his use of a flashlight for additional illumination.

Finding no defects after a visual inspection of the first group of compressors, plaintiff thereafter, by using his electrical meter, identified the single compressor which controlled the ice cream freezer. He described it as being bolted to a metal base attached to a wooden floor which allowed free movement around its perimeter. After further describing the methods employed to discern the problem, which included de-icing the coils of the freezer on the store floor, triggering the main computer system and then returning to the mechanical room to check the pressure gauges, he concluded that the problem might be related to insufficient refrigerant. Deciding to "leak check" the system, plaintiff started at the single compressor controlling the freezer and used an electronic detector and soap bubbles to check its connections. Beginning with the horizontal pipes located at eye level which led into the compressor, he moved his electronic detector along such pipes. Checking as he worked, he testified that the floor beneath him suddenly

gave way, causing his fall approximately nine feet into the room below. He later described the flooring as a rectangular piece of plywood resting on top of a grid ceiling system. No railings, signs or warnings were present.

As a result of his injuries, plaintiff and his wife, derivatively, commenced this action alleging negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Plaintiffs later moved to amend their complaint to assert a violation of Labor Law § 240 (3) and for partial summary judgment on the issue of liability under Labor Law § 240 (1) and (3). Supreme Court granted plaintiffs leave to amend their complaint despite defendants' opposition, but denied partial summary judgment under Labor Law § 240 (1) and (3). Plaintiffs appeal.

It is well settled that the protection afforded pursuant to Labor Law § 240 (1) will extend to workers performing repairs but not maintenance of a building or structure (*see*, Labor Law § 240 [1]; *see*, *Smith v Shell Oil Co.*, 85 NY2d 1000; *Izrailev v Ficarra Furniture*, 70 NY2d 813; *Crossett v Schofell*, 256 AD2d 881; *Chapman v IBM Corp.*, 233 AD2d 585). "[B]ecause the devil is, as always, in the details" (*Jensen v General Elec. Co.*, 82 NY2d 77, 88), the paramount issue becomes whether the item being worked on was inoperable or malfunctioning prior to the commencement of the work (*see*, *Izrailev v Ficarra Furniture, supra*; *Crossett v Schofell, supra*; *Sprague v Peckham Materials Corp.*, 240 AD2d 392). Regardless of defendants' contention that plaintiff's failure to allege the absence of a written service contract between his employer and defendants was fatal, we find that not only was plaintiff's testimony that he was called in the middle of the night to respond to an emergency request to repair a refrigeration unit undisputed, but also that the existence of such service contract, including its terms, was in the possession and control of defendants to which it made no reference. As his efforts were in furtherance of his investigation regarding the cause of an undisputed malfunction in the middle of the night, no viable issue has arisen challenging the characterization of plaintiff's work.

Having found that plaintiff was engaged in one of the specifically enumerated categories of work protected by Labor Law § 240 (1), we next address whether the mechanical room in which such repairs were made can constitute an elevated work site calling for a protective device within the meaning of Labor Law § 240 (1). While we have consistently maintained that a permanent structure, such as a floor, stairway or passageway, will not constitute a "device" within the purview of Labor Law § 240 (1) (*Avelino v 26 R. R. Ave.*, 252 AD2d 912; *see*, *Cliquen-*

*noi v Michaels Group*, 178 AD2d 839), the flooring here, as shown by the photographs included in the record and as described by both plaintiff and his engineer, was temporary in nature. While the flooring around the central compressors appeared to be supported by the wall framing of the ground floor, the flooring around the free-standing compressor consisted of a ceiling system comprised of metal inverted "T" framing laid out on a grid-like pattern into which ceiling tiles had been inserted. No joists, cross beams or other structural supports existed beneath these tiles and it was upon a piece of plywood resting over such ceiling tiles that plaintiff was standing at the time of his fall. Since the mechanical room constitutes, in our view, an elevated work site within the purview of Labor Law § 240 (1) and since his injuries occurred as a result of the collapse of temporary flooring—the functional equivalent of a scaffold (*see, Richardson v Matarese*, 206 AD2d 353; *Wescott v Shear*, 161 AD2d 925, *appeal dismissed* 76 NY2d 846; *cf., Avelino v 26 R. R. Ave., supra*)—we hereby modify the order of Supreme Court and grant plaintiffs partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1); motion granted to that extent and partial summary judgment awarded to plaintiffs on said cause of action; and, as so modified, affirmed.