■ RUTH DESSAU, Respondent, v PARK & 76TH ST. INC. et al., Appellants, et al., Defendants. [724 NYS2d 741] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about October 5, 2000, which, *inter alia*, denied appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The affidavits of plaintiff and her housekeeper, stating that workmen were present in the lobby of the subject building on the day of the accident cleaning the floor, and that prior to the accident the housekeeper had complained that the floor was slippery, were sufficient to raise triable issues of fact as to whether appellants created or had actual or constructive notice of the allegedly hazardous condition. Accordingly, summary judgment was properly denied. Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.

■ EMMA MARTINEZ, Respondent, v HERK ELEVATOR CO., INC., Appellant, et al., Defendant. [724 NYS2d 416] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered October 25, 2000, which, to the extent appealed from, denied the motion of defendant Herk Elevator Co. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Herk Elevator's motion for summary judgment was properly denied in light of Herk's repair records pertaining to the subject elevator indicating a misleveling problem and Herk's failure to establish that it corrected that problem when it last serviced the elevator prior to plaintiff's accident, the alleged result of the elevator's misleveling (*compare*, *Overholt v Atlas El. Co.*, 258 AD2d 887). Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.