■ CRAIG D. JOHNSON, Appellant, v SMALL MALL, LLC, Respondent. [912 NYS2d 735]—

Garry, J. Appeal from that part of an order of the Supreme Court (Lebous, J.), entered November 9, 2009 in Broome County, which denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff was injured while repairing roof trusses in defendant's building. To reach the trusses, repair workers walked on wooden joists located below and perpendicular to them. These joists were less than two inches wide and spaced two feet apart. The sheetrock ceiling of the room below was fastened to the underside of the joists, and electrical wiring ran between them. During the course of the project, several temporary walkways had been installed in the work area, but plaintiff testified

without contradiction that these served only to "get you close to where you had to go," and that he could not access his work areas without walking on the joists. Plaintiff was walking across the joists to reach a structure that he was dismantling when he tripped on a wire, lost his balance, and fell through the sheetrock to the floor 16 feet below.

Plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) and, after joinder of issue, moved for partial summary judgment as to liability pursuant to Labor Law § 240 (1). Defendant cross-moved for summary judgment dismissing the causes of action pursuant to Labor Law §§ 200 and 241 (6). Supreme Court denied plaintiff's motion in its entirety and partially granted defendant's cross motion by dismissing the Labor Law § 241 (6) cause of action. Plaintiff now appeals from that part of the order that denied his motion, contending that defendant violated Labor Law § 240 (1) as a matter of law by failing to provide a safety device to prevent his fall.

Labor Law § 240 (1) imposes a nondelegable duty upon owners to provide scaffolds or other safety devices to protect workers from elevation-related safety risks (*see Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 521 [1985]; *Deshields v Carey*, 69 AD3d 1191, 1192 [2010]). When the failure to provide such a device is the proximate cause of a worker's accident, the owner's liability is established as a matter of law (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Dalaba v City of Schenectady*, 61 AD3d 1151, 1152 [2009]).

Defendant contends that because the joists supported plaintiff as he worked, they were equivalent to scaffolding and therefore constituted a safety device. However, "calling a [structure] a scaffold does not make it one" (*Avelino v 26 Railroad Ave.*, 252 AD2d 912, 913 [1998]). A scaffold is defined in the Industrial Code as "[a] temporary elevated working platform and its supporting structure including all components" (12 NYCRR 23-1.4 [b] [45]; *see Rocha v State of New York*, 45 AD2d 633, 635 [1974], *lv denied* 36 NY2d 642 [1975]). In the area where plaintiff was working at the time of his injury, the joists supported no temporary platform, walkway, flooring, boards, or other separate surface of any kind. Labor Law § 240 (1) is to be "liberally construed to effect its purpose of providing protection to workers" (*Gilbert v Albany Med. Ctr.*, 9 AD3d 643, 644 [2004]); it would be completely inconsistent with this statutory purpose to find that the narrow joist tops, bordered on both sides by openings shielded only by insubstantial sheetrock, constituted platforms.

Although defendant argues that we have previously found various structures to be functionally equivalent to scaffolds because they supported workers in elevated positions, the essential issue underlying these determinations was whether the workers were exposed to elevation-related hazards, bringing their accidents within the ambit of Labor Law § 240 (1)—a threshold inquiry not challenged in the circumstances here (*see Hanvey v Falke's Quarry, Inc.*, 50 AD3d 1237, 1238 [2008]; *Beard v State of New York*, 25 AD3d 989, 991 [2006]; *Craft v Clark Trading Corp.*, 257 AD2d 886, 887-888 [1999]). Indeed, in prior cases involving falls from open joists, we have treated them as elevated worksites and held that liability under Labor Law § 240 (1) depended on whether safety devices such as scaffolding, safety harnesses or lanyards were furnished to protect workers from the elevation-related hazard posed by working from the joists (*see e.g. Traver v Valente Homes, Inc.*, 20 AD3d 856, 857-858 [2005]; *Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883, 884-885 [1996]). No such devices were provided to plaintiff.

Defendant's further contention that plaintiff was the sole proximate cause of his injury because he "decided" to walk across the joists disregards plaintiff's uncontroverted testimony that he was attempting to reach his work area, by the only means available, as part of the performance of his duties. Accordingly, as plaintiff was not provided with a safety device to protect him from the elevation-related hazard posed by his work, and as that failure was the proximate cause of his accident, he was entitled to partial summary judgment on his Labor Law § 240 (1) claim (*see Yost v Quartararo*, 64 AD3d 1073, 1074-1075 [2009]; *Leshaj v Long Lake Assoc.*, 24 AD3d 928, 929-930 [2005]).

Peters, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1); motion granted and partial summary judgment awarded to plaintiff on said cause of action; and, as so modified, affirmed. **[Prior Case History: 25 Misc 3d 1227(A), 2009 NY Slip Op 52315(U).]**