Maracle v Autoplace Infiniti, Inc. (2018 NY Slip Op 03252)





Maracle v Autoplace Infiniti, Inc.


2018 NY Slip Op 03252


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


332 CA 17-01232

[*1]PAUL MARACLE, PLAINTIFF-APPELLANT,
v
AUTOPLACE INFINITI, INC., DANIEL A. FABRIZIO REVOCABLE TRUST, SCHREIBER & SCHREIBER PROPERTY HOLDINGS, LLC, NORTHTOWN VOLVO OF BUFFALO, NORTHTOWN PORSCHE, LANDROVER BUFFALO, BHWL REAL LLC, AND WEST HERR TOYOTA SCION OF WILLIAMSVILLE, DEFENDANTS-RESPONDENTS. 






FEROLETO LAW, BUFFALO (JOHN FEROLETO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICES OF JOHN WALLACE, BUFFALO (JAMES J. NAVAGH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS AUTOPLACE INFINITI, INC. AND DANIEL A. FABRIZIO




 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 23, 2017. The order, insofar as appealed from, denied the motion of plaintiff for partial summary judgment and granted in part the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action against defendants, Autoplace Infiniti, Inc., Daniel A. Fabrizio Revocable Trust (collectively, Autoplace defendants), Schreiber & Schreiber Property Holdings, LLC, Northtown Volvo of Buffalo, Northtown Porsche, Landrover Buffalo (collectively, Northtown defendants), BHWL Real LLC (BHWL), and West Herr Toyota Scion of Williamsville (collectively, West Herr defendants), seeking damages for injuries he allegedly sustained when he slipped on a landscaping rock on property owned by BHWL and maintained by the Autoplace defendants, the Northtown defendants, and the West Herr defendants pursuant to an easement agreement. At the time of the accident, plaintiff was working for Ad-A-Sign, a sign maintenance and alteration company that had been retained by the Autoplace defendants and the Northtown defendants to perform work on the signs that were located near defendants' automobile dealerships. While plaintiff was attempting to remove letters and fascia from a sign for the dealerships of the Northtown defendants, he stepped onto a landscaping rock that was located below the sign. He lost his balance and slipped from the rock, injuring his foot and ankle. Plaintiff moved for partial summary judgment on the issue of liability on his Labor Law
§ 200 claim, as well as his section 240 (1) and 241 (6) causes of action, and the Autoplace defendants, the Northtown defendants, and the West Herr defendants each moved for, inter alia, [*2]summary judgment dismissing the amended complaint against them. We note that, at oral argument of the motions, plaintiff withdrew his section 200 and common-law negligence cause of action. Supreme Court denied plaintiff's motion and granted in part the motions of defendants by dismissing the amended complaint against them. We affirm.
Contrary to plaintiff's contention, the court properly denied that part of his motion and granted those parts of defendants' motions with respect to the Labor Law § 240 (1) cause of action. The record establishes that plaintiff was not "obliged to work at an elevation" (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681 [2007]), which is a necessary element for recovery under section 240 (1). Indeed, plaintiff's own deposition testimony submitted in support of his motion established that the work he was performing was at eye level and that he could have reached the sign from the ground. Thus, inasmuch as it was not necessary for plaintiff to stand on the rock to perform his work, he was not exposed to an elevation-related hazard of the type contemplated by section 240 (1) (see Torkel v NYU Hosps. Ctr., 63 AD3d 587, 590 [1st Dept 2009]; see also Broggy, 8 NY3d at 681-682). Even assuming, arguendo, that a safety device was required to protect plaintiff from such a hazard, we note that plaintiff further testified during his deposition that either of the A-frame ladders that had been provided for his use probably could have straddled the rock, but he thought that a ladder was not necessary (see Arnold v Barry S. Barone Const. Corp., 46 AD3d 1390, 1390 [4th Dept 2007], lv denied 10 NY3d 707 [2008]).
Contrary to plaintiff's further contention, the court properly denied that part of his motion and granted those parts of defendants' motions with respect to the Labor Law § 241 (6) cause of action, as based on the alleged violation of 12 NYCRR 23-5.2, 23-1.7 (d), 23-1.7 (e) (1) and (2), 23-3.3 (b) (5), and 23-3.3 (l). Contrary to plaintiff's contention, the rock was not a "scaffold" for purposes of section 23-5.2 (see Johnson v Small Mall, LLC, 79 AD3d 1240, 1241 [3d Dept 2010]; see also 12 NYCRR 23-1.4 [b] [45]), and subdivisions (d) and (e) of section 23-1.7 are inapplicable to the facts of this case inasmuch as plaintiff did not allege that the rock was slippery or that he tripped on the rock (see Carrera v Westchester Triangle Hous. Dev. Fund. Corp., 116 AD3d 585, 585-586 [1st Dept 2014]; see also Costa v State of New York, 123 AD3d 648, 648-649 [2d Dept 2014]). Finally, with respect to plaintiff's claims under subdivisions (b) and (l) of section 23-3.3, we conclude that plaintiff was not engaged in "[d]emolition work" (12 NYCRR 23-1.4 [b] [16]), and that the rock cannot be considered "accumulated debris or piled materials" (12 NYCRR 23-3.3 [l]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court