Manfredonia v 750 Astor LLC (2023 NY Slip Op 03409)

Manfredonia v 750 Astor LLC

2023 NY Slip Op 03409

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 22803/14 Appeal No. 512 Case No. 2022-02059 

[*1]Salvatore Manfredonia, Plaintiff-Respondent,
v
750 Astor LLC, Defendant-Appellant, Lynn Ladder and Scaffolding Co., Inc., Defendant.
750 Astor LLC, Third-Party Plaintiff-Appellant,
v
Jewish Board of Family and Children's Services, Inc., Third-Party Defendant-Appellant.

Rosenbaum & Taylor, P.C., White Plains (Dara L. Rosenbaum of counsel), for 750 Astor, LLC, appellant.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabrio of counsel), for Jewish Board of Family and Children's Services, Inc., appellant.
Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 22, 2022, which granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim against defendant property owner, unanimously affirmed, without costs.
Plaintiff established entitlement to judgment as a matter of law as to the owner's liability. He submitted deposition testimony showing that he was on site to repair a drain pipe on third-party defendant tenant's HVAC unit that needed to be removed and reset at the correct angle, when the extension ladder he was using collapsed as he descended (see Benfanti v Tri-Main Dev., 231 AD2d 855, 855 [4th Dept 1996]; see also Crosset v Schofell, 256 AD2d 881, 881-882 [4th Dept 1998]).
The owner and tenant failed to raise a triable issue of fact as to whether plaintiff was performing routine maintenance instead of a repair (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). They failed to proffer any evidence to contradict plaintiff's explanation of the work he planned to perform (see Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc., 118 AD3d 524, 526-527 [1st Dept 2014]; compare Santiago v Fred-Doug 117, L.L.C., 68 AD3d 555, 556 [1st Dept 2009]). Additionally, the deposition testimony of plaintiff's employer, supported by the employer's business records proffered by the tenant in opposition, shows that the absence of a work ticket on the date of the accident does not controvert plaintiff's testimony, since work tickets were only prepared after work was performed and plaintiff fell before he could begin work that day. Furthermore, contrary to the owner and tenant's contentions, the absence of a work ticket showing that the repair as described by plaintiff was subsequently performed by another service tech does not "call[] into question the plaintiff's credibility" (Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725 [2d Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023