■ GRAIG H. HODGE, Appellant, v CROUSE HINDS DIVISION OF COOPER INDUSTRIES, Respondent and Third-Party Plaintiff. C.W.H. MECHANICALS, INC., Third-Party Defendant-Respondent. [616 NYS2d 822] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court should have granted in its entirety plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). The unrefuted evidence establishes that plaintiff fell from a ladder while engaged in statutorily protected work and that no safety devices were provided that might have prevented the accident. Because the lack of safety devices was demonstrated to have been a proximate cause of plaintiff's injuries, the court should have granted partial summary judgment to plaintiff *(see, Walsh v Baker,* 172 AD2d 1038; *see also, Dennis v Beltrone Constr. Co.,* 195 AD2d 688; *Fernandez v MHP Land Assocs.,* 188 AD2d 417; *Place v Grand Union Co.,* 184 AD2d 817). Plaintiff's alleged drug intoxication would be admissible only as proof that such intoxication was the sole proximate cause of the accident *(see, Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292, 296-297). Where, however, as here, the lack of safety devices was demonstrated to have been a proximate cause of the accident, none of defendant's assertions concerning plaintiff's contributory negligence, including plaintiff's ingestion of prescription drugs on the afternoon of the accident, constitutes a defense to a Labor Law § 240 (1) cause of action *(see, Bland v Manocherian,* 66 NY2d 452, 460; *Keane v Sin Hang Lee,* 188 AD2d 636; *Witherel v Balling Constr.,* 99 AD2d 646). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. COOK, Appellant. [617 NYS2d 694] —Judgment unanimously affirmed *(see, People v Saunders,* 190 AD2d 1092, 1093, *lv denied* 81 NY2d 1019). (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.