■ ELIYAHU SHAMIR et al., Appellants, v FARASH CORPORATION, Respondent and Third-Party Plaintiff-Appellant. PER-CON ELECTRIC CORP., Third-Party Defendant-Respondent. [620 NYS2d 643] —Order unanimously reversed on the law without costs and motions granted. Memorandum: Plaintiffs commenced this action asserting direct and derivative claims based on injuries sustained by plaintiff husband in a fall from a scaffold while he was performing electrical work at a renovation site. Plaintiffs sued defendant Farash Corporation, the general contractor, based on negligence and Labor Law violations. Defendant impleaded its subcontractor, Per-Con Electric Corp. (Per-Con), the employer, on a theory of common-law indemnification. Plaintiffs appeal from the order insofar as it denied their motion for partial summary judgment holding defendant liable pursuant to Labor Law § 240 (1). Defendant appeals from the order insofar as it denied its motion for summary judgment on its third-party complaint against Per-Con.

Plaintiffs are entitled to partial summary judgment. They established that the worker fell from the scaffold while ascending it *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509). Defendant failed to demonstrate the existence of a triable question of fact in opposition to the motion. Defendant's reliance on this Court's decision in *Carlos v Rochester Gen. Hosp.* (163 AD2d 894) is misplaced *(see, e.g., Morris v Mark IV Constr. Co.,* 203 AD2d 922; *Madigan v United Parcel Serv.,* 193 AD2d 1102, 1103; *Halkias v Hamburg Cent. School Dist.,* 186 AD2d 1040).

Similarly, we conclude that defendant is entitled to summary judgment on the third-party complaint. Defendant dem-

onstrated its entitlement to common-law indemnification by submitting competent evidence that it had no responsibility for the direction, supervision, or control of the worker, that its representatives were not present at the site, and that Per-Con had exclusive supervision and control over the work site and sole responsibility for providing safety devices (see, Stimson v Lapp Insulator Co., 186 AD2d 1052; Pietsch v Moog, Inc., 156 AD2d 1019). (Appeals from Order of Supreme Court, Monroe County, Kehoe, J.—Summary Judgment.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.