■ Thomas D. Beesimer et al., Respondents, v Albany Avenue/Route 9 Realty, Inc., Defendant, and Barry, Bette & Led Duke, Inc., Appellant. (And a Third-Party Action.) [629 NYS2d 816] —Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 21, 1994 in Ulster County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff Thomas D. Beesimer (hereinafter Beesimer), an employee of a mason subcontractor, was injured during his work at a jobsite while on a scaffold. Alleging negligence and a violation of Labor Law § 240, Beesimer and his wife commenced this action to recover damages from the owner and the general contractor. Plaintiffs' motion for partial summary judgment on the issue of liability was granted, resulting in this appeal by the general contractor, defendant Barry, Bette & Led Duke, Inc. (hereinafter defendant).

It is unclear from the record whether Supreme Court granted plaintiffs' motion on the basis of the negligence theory or the Labor Law § 240 theory or both. Inasmuch as there are clearly questions of fact regarding the negligence theory, we will focus on the cause of action which alleges a violation of Labor Law § 240. According to Beesimer, he slipped on some wet cement on the surface of the scaffolding. One or both of his feet went off the edge of the scaffold as a result of the slip, but he was able to grab onto a section of the scaffold as he fell, and he

pulled himself back onto the surface of the scaffold. As a result, Beesimer claims to have sustained permanent injuries to his back.

This is not a case where no safety devices were provided to protect Beesimer from an elevation-related risk, which would establish a violation of Labor Law § 240 as a matter of law (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513). Beesimer was provided with scaffolding, which is a safety device enumerated in Labor Law § 240 (1). The rule in this Department is that when a worker injured in a fall was provided with an elevation-related safety device, the question of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is ordinarily a question of fact (*see, Garhartt v Niagara Mohawk Power Corp.*, 192 AD2d 1027, 1029; *Russell v Rensselaer Polytechnic Inst.*, 160 AD2d 1215, 1216; *Blair v Rosen-Michaels, Inc.*, 146 AD2d 863, 865), except where the device collapses, slips or otherwise fails to perform its function of supporting the workers and their materials (*see, Dennis v Beltrone Constr. Co.*, 195 AD2d 688, 689; *Davis v Pizzagalli Constr. Co.*, 186 AD2d 960, 961; *Drew v Correct Mfg. Corp., Hughes-Keenan Div.*, 149 AD2d 893, 894-895). An exception is also recognized where an existing safety device is removed prior to a worker's fall (*see, Clark v Fox Meadow Bldrs.*, 214 AD2d 882). Thus, although the Fourth Department appears to have adopted a contrary rule (*see, Shamir v Farash Corp.*, 210 AD2d 882; *Hodge v Crouse Hinds Div. of Cooper Indus.*, 207 AD2d 1007), the mere fact that Beesimer fell off the scaffolding surface is insufficient, in and of itself, to establish that the device did not provide proper protection (*see, Springer v Clark Publ. Co.*, 171 AD2d 914, 915).*

Plaintiffs contend that the scaffolding failed to comply with Labor Law § 240 (2), which requires safety rails on scaffolding which is more than 20 feet from the ground. Although plaintiffs claim to have presented undisputed testimony that the height of the scaffolding exceeded 20 feet, Beesimer's examination before trial includes testimony that he fell from the third stage of the scaffolding and that each stage was 6 to 8 feet high, which would make the third stage 18 to 24 feet above

---

* The rule in the Second Department is similar to the rule applied by this Court (*see, Miller v Long Is. Light. Co.*, 166 AD2d 564). The rule in the First Department is unclear (*compare, Zeitner v Herbmax Sharon Assocs.*, 194 AD2d 414, *with Robinson v NAB Constr. Corp.*, 210 AD2d 86). The Fourth Department's rule appears to be based upon the theory that a worker's fall from a scaffold or ladder establishes the absence of safety devices that might have prevented the fall (*see, Hodge v Crouse Hinds Div. of Cooper Indus., supra*).

the ground. There is also evidence in the record that the wall for which the scaffolding had been erected was less than 20 feet high. Accordingly, a question of fact exists as to whether Labor Law § 240 (2) was violated.

When a worker is injured in a fall of less than 20 feet, the absence of safety rails on the scaffolding from which he fell is relevant to the question of whether the scaffold provided the proper protection required by Labor Law § 240 (1) (*Wright v State of New York*, 110 AD2d 1060, 1061, *affd* 66 NY2d 452). It is our view, however, that where, as here, there is no evidence that the scaffolding was defective or otherwise failed to perform its function of elevating the workers and their material, the question of whether safety rails were necessary to provide the proper protection required by Labor Law § 240 (1) is generally a question of fact to be decided on the facts and circumstances of the particular case (*see, ibid.; see also, Blair v Rosen-Michaels, Inc.*, 146 AD2d 863, *supra; but see, Cartella v Strong Museum*, 135 AD2d 1089) Accordingly, there is a factual issue as to whether Labor Law § 240 (1) was violated.

Beesimer also bore the burden of establishing that the claimed violation of Labor Law § 240 was a proximate cause of his injuries (*see, Nohejl v 40 W. 53rd Partnership*, 205 AD2d 462; *Liverio v Clover Leaf 82 Assocs.*, 186 AD2d 308, 309). We note that the injuries sustained by Beesimer were not the result of a fall from one height to a lower height. Rather, his injuries occurred as a result of his efforts to prevent such a fall after he had slipped on the surface of the scaffolding (*see, Brown v Niagara Mohawk Power Corp.*, 188 AD2d 1014). Assuming plaintiffs establish the need for safety rails to provide the proper protection required by Labor Law § 240 (1), and assuming that safety rails were in fact absent, there remains a question of fact as to whether the absence of safety rails was a proximate cause of Beesimer's injuries. It is not clear from the record whether safety rails would have prevented Beesimer's feet from going off the scaffolding, or merely would have given him something else to grab onto to prevent his fall after he slipped and his feet went off the edge of the surface of the scaffolding.

For all of the reasons previously set forth, plaintiffs were not entitled to summary judgment on the issue of liability and Supreme Court erred in granting their motion. Although the owner did not appeal from the order, we are of the view that because the liability of the owner and the contractor to Beesimer under Labor Law § 240 is inseparable, this is one of those cases where relief to a nonappealing party is appropriate (*see,*

*Hecht v City of New York*, 60 NY2d 57, 62; *Matter of McGoey v Black*, 100 AD2d 635, 637).

Mercure, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Barry, Bette & Led Duke, Inc., by reversing so much thereof as granted plaintiffs' motion; said motion denied; and, as so modified, affirmed.