■ GORDON ELLIS et al., Appellants, v HAMMOND & IRVING, INC., Respondent and Third-Party Plaintiff-Appellant. WALTER ELLIS, Individually and Doing Business as WALTER ELLIS & SON ROOFING, Third-Party Defendant-Respondent. [629 NYS2d 889] —Order unanimously reversed on the law without costs and motion and cross motion granted. Memorandum: Gordon Ellis (plaintiff) was injured when he fell while carrying an aluminum

plank down a ladder. Although there was no proof that the ladder was defective, Supreme Court erred in denying plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1); plaintiff fell while working at an elevated work site as the result of the absence of adequate safety devices (see, Gordon v Eastern Ry. Supply, 82 NY2d 555, 561-562; Turner v Eastman Kodak Co., 210 AD2d 883; Walsh v Baker, 172 AD2d 1038).

The court also erred in denying defendant's cross motion for summary judgment against third-party defendant seeking common-law indemnification. The record establishes that plaintiff and his co-worker had to place the base of the ladder two or three feet farther from the wall than usual because of a pile of steel scrap left there by defendant's employees. According to plaintiff, however, the placement of the ladder had no real effect on the "feel" of the ladder. Moreover, there is no suggestion that defendant had the authority to supervise or control the work, nor did it exercise any control over the placement of the ladder. Because defendant is liable only vicariously under the Labor Law, it is entitled to full common-law indemnification from plaintiff's employer, third-party defendant, who actually controlled the work (see, Chapel v Mitchell, 84 NY2d 345, 347; Kelly v Diesel Constr. Div., 35 NY2d 1, 6; Guillory v Nautilus Real Estate, 208 AD2d 336, 339). (Appeals from Order of Supreme Court, Cayuga County, Contiguglia, J.—Labor Law.) Present—Denman, P. J., Fallon, Wesley, Doerr and Balio, JJ.