■ James Golda et al., Respondents, v Hutchinson Enterprises, Inc., Doing Business as Kwik Stop Food Mart, et al., Appellants, et al., Defendants. [632 NYS2d 364] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' cross motion for partial summary judgment on liability under Labor Law § 240 (1). James Golda (plaintiff) was installing a gas meter when he was injured; that activity constitutes an "alteration" of the premises within the meaning of the statute (Atwell v Mountain Ltd., 184 AD2d 1065; Dedario v New York Tel. Co., 162 AD2d 1001, 1003). Although there is no proof that the ladder plaintiff was using was defective, he fell while working at an elevated work site as a result of the absence of adequate safety devices, and thus was entitled to partial summary judgment on liability under the statute (see, Ellis v Hammond & Irving, 217 AD2d 923). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Labor Law.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.

■ In the Matter of B.A. Berner, Inc., Doing Business as Hot Spot, Respondent, v New York State Liquor Authority, Appellant. [632 NYS2d 1022] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition and annulling the determination of respondent to deny petitioner's application for an on-premises liquor license. From our review of the record, we conclude that the determination of respondent to deny petitioner the license was a reasonable exercise of its discretion (see, Matter of Zito v State Liq. Auth., 86 AD2d 959; see generally, Matter of Sled Hill Cafe v Hostetter, 22 NY2d 607, 612-613). (Appeal from Judgment of Supreme Court, Niagara County, Mintz, J.—CPLR art 78.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.