■ DOUGLAS A. HOLKA et al., Respondents, v MT. MERCY ACADEMY, Appellant and Third-Party Plaintiff, et al., Defendant. BUILDING CONTROLS & SERVICES, INC., Third-Party Defendant-Appellant. [634 NYS2d 310] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted the cross motion of plaintiffs for partial summary judgment on the issue of liability under Labor Law § 240 (1). Douglas A. Holka (plaintiff), an employee of third-party defendant, Building Controls & Services, Inc. (BCS), was sent to Mt. Mercy

Academy to remove a broken motor from a blower unit of the ventilation system, located on the roof of the building. He was injured when he fell while descending an interior permanently affixed ladder leading from the roof. We reject the contention of BCS and defendant, Mt. Mercy Academy (Mt. Mercy), that Labor Law § 240 (1) does not apply to a permanently affixed ladder *(see, Szopinski v MJ Mech. Servs., 217 AD2d 906)*. We further reject their contention that plaintiff was not engaged in a protected activity within the meaning of Labor Law § 240 (1). We conclude that the removal of the broken motor from the blower unit for the purpose of repairing it constituted the repair of a structure within the meaning of the statute, rather than routine maintenance *(see, Fuller v Niagara Mohawk Corp., 213 AD2d 986; cf., Smith v Shell Oil, 85 NY2d 1000; Rennoldson v Volpe Realty Corp., 216 AD2d 912)*.

Finally, contrary to the contention of BCS and Mt. Mercy, they are liable under section 240 (1) because plaintiff fell from a ladder while working at an elevated work site; the fact that he fell establishes that the ladder failed to provide proper protection *(see, Gordon v Eastern Ry. Supply, 82 NY2d 555; Golda v Hutchinson Enters., 219 AD2d 803; Ellis v Hammond & Irving, 217 AD2d 923)*. (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Labor Law.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.