OPINION OF THE COURT
Frank A. Sedita, J.
Plaintiffs seek partial summary judgment pursuant to section 240 of the Labor Law as to the question of liability. Plaintiff Robert Shaver allegedly fell from a stationary ladder while carrying an industrial type vacuum cleaner from one roof level to another for the purpose of removing water from a clogged drain. Plaintiff was part of a work crew which was in *603 the process of removing and replacing the roof on a building owned by the defendant School District.
The facts of this case present a unique situation for which we have found no case clearly on point. The relevant statute (Labor Law § 240) states: "1. All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
First, let us note that a fall from a permanently affixed ladder does not preclude a favorable determination to the plaintiff ■ as to liability. (Holka v Mt. Mercy Academy, 221 AD2d 949 [4th Dept 1995].) The next question we must deal with is whether the activity he was proceeding to engage in was mere "routine maintenance” which is not considered to be covered by the statute or whether his activity can be found to clearly fall within one of the protected categories under the statute. (See, Smith v Shell Oil Co., 85 NY2d 1000; Rennoldson v Volpe Realty Corp., 216 AD2d 912; Kinsler v Lu-Four Assocs., 215 AD2d 631; Carr v Perl Assocs., 201 AD2d 296.)
In Shapiro v ACG Equity Assocs. (Feb. 22, 1996) this court noted that a "repair” generally required more complex or sophisticated tools as opposed to the simple tools needed for "routine maintenance”. We also note that the plaintiff was working as part of the larger roof removal and replacement crew. Cleaning the drain was an integral part of the over-all project. It required an industrial style "shop-vac” and was not something which could be accomplished with simple tools such as rags, sponges, or brooms. It is perhaps an obvious statement that a clogged drain is not a functioning drain. In this case the correction or "repair” of the malfunction required use of a more sophisticated tool — a shop vac.
We additionally note that one of the enumerated activities covered by this statute is "cleaning * * * a building or structure”. Surely, the plaintiff was engaged in an activity which could be categorized as an aspect of "cleaning” covered by this statute.
Finally, we note that this statute is to be liberally construed to achieve its purpose. (Lombardi v Stout, 80 NY2d 290 [1992].)
*604 Plaintiff fell from an elevated, work site incident to his efforts to "clean” or "repair” a clogged drain. Said task was an integral part of the process of removing and replacing the roof at the work site. It is our considered opinion that the motion of the plaintiff should be granted.