■ Antonio Basmas et al., Respondents, v J.B.J. Energy Corp., Defendant, and William Gonzalez, Defendant and Third-Party Plaintiff. William Papagianis, Third-Party Defendant-Appellant. [648 NYS2d 1007] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), as granted the plaintiffs' motion for partial summary judgment against defendant third-party plaintiff William Gonzalez, on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, with costs, and the motion is denied.

The plaintiff husband was an employee of the third-party defendant-appellant, and was injured in the course of his employment when he fell from a scaffold provided by defendant J.B.J. Energy Corp., while working at a premises owned by defendant third-party plaintiff Gonzalez. The evidence established that the scaffold from which the injured plaintiff fell did not move, collapse, or otherwise fail to perform its function of supporting him and his materials *(see, Whalen v Sciame Constr. Co.,* 198 AD2d 501, 502; *Dennis v Beltrone Constr. Co.,* 195 AD2d 688; *Hartley v Spartan Concrete,* 172 AD2d 586). Therefore, the issue of whether the device provided proper protection within the meaning of Labor Law § 240 (1) is a question of fact for the jury *(see, e.g., Romano v Hotel Carlyle Owners Corp.,* 226 AD2d 441; *Eckhoff v Consolidated Edison Co.,* 214 AD2d 698). The Supreme Court erred in granting summary judgment in favor of the plaintiffs on the Labor Law

§ 240 (1) claim, since the injured plaintiff's fall from the scaffold was insufficient, in and of itself, to establish that proper protection was not provided *(see, Beesimer v Albany Ave./ Rte. 9 Realty,* 216 AD2d 853, 854; *Miller v Long Is. Light. Co.,* 166 AD2d 564). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.