■ Thomas P. Linzy, Appellant-Respondent, v Christa Construction, Inc., et al., Respondents-Appellants. [661 NYS2d 150] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of the cross motion of defendants for summary judgment dismissing the complaint seeking damages under sections 200, 240 (1) and 241 (6) of the Labor Law based upon plaintiff's alleged breach of contract to procure insurance covering defendants as owner and general contractor. The record establishes that the subcontract agreement requiring such insurance was not in effect on the date of the accident. The court further erred in denying plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). Plaintiff established that he was injured when he fell from a ladder while working at an elevated work site (see, *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562; *Holka v Mt. Mercy Academy*, 221 AD2d 949, 950, *lv dismissed* 87 NY2d 1055; *Golda v Hutchinson Enters.*, 219 AD2d 803; *Ellis v Hammond & Irving*, 217 AD2d 923). Because the duty of the owner and general contractor is absolute, an injured worker is entitled to recover despite the fact that the owner and general contractor exercised no supervision or control of the work being performed and the worker was a self-employed independent contractor (see, *Haimes v New York Tel. Co.*, 46 NY2d 132; *Crawford v Leimzider*, 100 AD2d 568, 569). Because the subcontract was not in force on the date of the accident, defendants would not be entitled to contractual indemnification. In addition, because Labor Law § 240 (1) creates a nondelegable duty on the part of owners and general contractors to provide scaffolding and other protective devices, defendants are not entitled to common-law indemnification (see, *Haimes v New York Tel. Co.*, supra).

We conclude that the court properly denied that part of the cross motion of defendants for judgment by default on their counterclaims. Plaintiff's new counsel established that the six-day delay in replying to the counterclaims was the result of law office failure and defendants suffered no prejudice as a result of the delay (see, CPLR 2005; *Raphael v Cohen*, 62 NY2d 700, 701; *Yacone v Ryan Homes*, 216 AD2d 963).

Thus, we modify the order by denying in part defendants' cross motion for summary judgment, reinstating the complaint and granting plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1). (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.