■ MARCO AVENDANO, Respondent, v SAZERAC, INC., Appellant. (And a Third-Party Action.) [669 NYS2d 620] —In an action to recover damages for personal injuries, the defendant Sazerac, Inc., appeals from an order of the Supreme Court, Queens County (Durante, J.), dated April 8, 1997, which granted the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6), and directed an inquest on the issue of damages.

Ordered that order is reversed, with costs, and the motion is denied.

The plaintiff was employed by Vargas Iron Works and was

working at premises owned by the appellant, Sazerac, Inc. (hereinafter Sazerac), when he fell off a 15-foot A-frame ladder and injured his back. At his deposition, the plaintiff stated that he had not seen anything strike the ladder before he fell off. In a later affidavit, he stated that a forklift owned by Sazerac struck the ladder and caused him to fall off. According to the plaintiff, no one was holding the ladder at the time of the accident, and there was rubber on each leg of the ladder, which had been placed about 6 inches from the wall. The plaintiff further testified that he had used this ladder on many occasions before the accident without incident. The court granted the plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6), and we reverse.

A fall, in and of itself, is insufficient to establish that the "proper protection" required by Labor Law § 240 (1) was not provided (*see, Basmas v J.B.J. Energy Corp.,* 232 AD2d 594, 595). In light of the various inconsistencies in the record as to how the instant accident happened, questions of fact exist as to whether this ladder "was so constructed, placed and operated as to give proper protection" to the plaintiff pursuant to Labor Law § 240 (1) (*see, Walsh v Applied Digital Data Sys.,* 190 AD2d 731).

Concerning the claim under Labor Law § 241 (6), the plaintiff asserted that Sazerac violated 12 NYCRR 23-1.16 and 23-1.21 (b) (4). However, as there is no evidence that safety belts were provided to the plaintiff, 12 NYCRR 23-1.16 does not apply (*cf., Bennion v Goodyear Tire & Rubber Co.,* 229 AD2d 1003). Additionally, there is an issue of fact as to whether the plaintiff used the ladder as a regular means of access to the second-floor office (*see,* 12 NYCRR 23-1.21 [b] [4]).

Under these circumstances, summary judgment should not have been granted to the plaintiff. O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.