OPINION OF THE COURT
Kenneth R. Fisher, J.
On September 20, 1994, Glenn Guite (plaintiff), an employee of third-party defendant John Wilfeard, was injured when he fell from a ladder while attaching weather-proofing material to the side of a house under construction in the Town of Clark-son. Defendant was both the property owner and the general contractor on the construction project. Plaintiff and his wife thereafter sued defendant for negligence and violation of Labor Law §§ 200, 240 (1) and § 241 (6), and defendant commenced a third-party action for common-law indemnification against Wilfeard, a subcontractor and plaintiffs employer.
The record on these motions contains starkly contrasting accounts of the accident. According to plaintiff, the accident occurred when, as he was ascending the ladder, “it slid” or “slipped” against the side of the house and struck an overhang, causing him to fall to the ground about 20 feet below. The feet of the ladder, according to plaintiff, were resting on “clumped, soft dirt.” No one was holding the ladder at the bottom and it was not in any way secured to the house. When asked at his deposition whether he knew what caused the ladder to slip, plaintiff responded, “No, I don’t.” He remembered little else at the deposition.
Charles Cooke saw things differently. Cooke, employed by defendant as foreman at the construction site, testified that, immediately before the accident occurred, he observed plaintiff attempting to move the ladder laterally against the house while standing on rungs near the top of the ladder. Cooke described plaintiffs actions as “jumping” the ladder, which means that he was pulling the ladder toward him and away from the house, while at the same time pushing it laterally. Cooke observed plaintiffs fall as he was “coming over to stop him” from jumping on the ladder. The proper way to move a ladder, according to Cooke, is to do so by hand while standing on the ground.
Plaintiffs employer, John Wilfeard, states in his affidavit that he examined the ladder after the accident and observed that the “safety cleats” at the feet of the ladder were not engaged and that the ladder’s right foot had sunk into the ground. If the cleats had been engaged, Wilfeard contends, the ladder could not possibly have fallen in the manner it did. Wil *950 feard further states that he repeatedly instructed plaintiff not to ascend the ladder unless the safety cleats were engaged. Following the accident, Wilfeard completed plaintiff’s work without incident using the same ladder. Defendant also presented evidence in admissible form establishing that the ground surface grading had been completed and that it was even.
Plaintiffs now move for partial summary judgment on the Labor Law § 240 (1) and § 241 (6) causes of action. Defendant opposes that motion and cross-moves for summary judgment on its common-law indemnification claim against Wilfeard in the third-party action. For the reasons that follow, the court denies both the motion and the cross motion.
I. LABOR LAW § 240 (1)
There is no dispute that plaintiff fell from an elevated work site and that he was engaged in activity protected by Labor Law § 240 (1). Defendant contends, however, that summary judgment should not be granted on liability because an issue of fact exists whether plaintiff’s misuse of the ladder was the sole proximate cause of his accident. Wilfeard, the third-party defendant, contends that the recalcitrant worker defense applies because plaintiff ignored repeated instructions to engage the safety cleats before ascending the ladder.
A. Recalcitrant Worker Defense
This portion, finding the recalcitrant worker defense inapplicable, deleted for publication.
B. Proper Protection and Proximate Cause
The contrasting versions of the accident provided by plaintiff and defendant’s representatives preclude entry of summary judgment. (Avendano v Sazerac, Inc., 248 AD2d 340 [2d Dept 1998].) This is not a case in which, although “plaintiff has not established the precise manner in which the accident occurred, it is undisputed that he was injured as a result of a fall * * * [concerning which] the only reasonable inference that may be drawn * * * is that plaintiffs injuries were the consequence of defendant’s failure to furnish an appropriate safety device ‘so constructed, placed and operated’ as to provide proper protection”. (Saldana v Saratoga Realty Assocs. Ltd. Partnership, 235 AD2d 744 [3d Dept 1997].) In this case, for reasons detailed below, “[d]efendant’s submissions in opposition to plaintiffs motion rais[e] questions of fact regarding the manner in which *951 plaintiffs * * * accident occurred, and thus, we are unable to determine ‘whether Labor Law § 240 (1) applies to the particular activity in which plaintiff was injured’ ”. (Wentland v Occidental Chem. Corp., 188 AD2d 1030, 1030-1031 [4th Dept 1992], quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 511 [1991]; see also, Smith v Torre, 247 AD2d 896, 897 [4th Dept 1998] [“issue of fact regarding the nature of the accident”]; Tzambazis v Argo Mgt. Co., 230 AD2d 843 [2d Dept 1996]; Abramo v Pepsi-Cola Buffalo Bottling Co., 224 AD2d 980, 981 [4th Dept 1996] [“(a) motion for summary judgment will be denied * * * where * * * there are bona fide issues of fact with respect to the manner in which the accident occurred”].)
The conflict in the evidence is material to two issues: (1) whether the ladder was so placed, operated and constructed to “provide proper protection” within the meaning of the statute, and (2) whether, if not, the resulting statutory violation proximately caused the fall and plaintiff’s injuries. In considering each version of the accident to discern whether the issues of fact are bona fide under the statute, the comparative negligence of the plaintiff alleged by defendant is not considered. “It is well settled that the injured’s contributory negligence is not a defense to a claim based on Labor Law § 240 (1) and that the injured’s culpability, if any, does not operate to reduce the owner/contractor’s liability for failing to provide adequate safety devices”. (Stolt v General Foods Corp., 81 NY2d 918, 920.)
Nevertheless, “the plaintiff is ‘required to show that the violation of section 240 of the Labor Law was a contributing cause of [his accident]’ ”. (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524 [1985], quoting Phillips v Flintkote Co., 89 AD2d 724, 725 [3d Dept 1982]; see also, Melber v 6333 Main St., 91 NY2d 759, 762 [1998] [“the statute establishes absolute liability for a breach which proximately causes an injury”]; Bland v Manocherian, 66 NY2d 452, 459, 460 [1985] [same]; Duda v Rouse Constr. Corp., 32 NY2d 405, 410 [1973] [“(v)iolation of the statute alone is not enough; plaintiff was obligated to show that the violation was a contributing cause of his fall”]; 1A NY PJI3d 833 [where there is a “possible view of the evidence that would negate a finding of proximate cause,” plaintiff not entitled to directed verdict].) Liability will not be imposed under Labor Law § 240 (1) where the worker’s actions were the sole proximate cause of his injuries. (Weininger v Hagedorn & Co., 91 NY2d 958 [1998]; Zimmer v Chemung *952 County Performing Arts, 65 NY2d, supra, at 524; Tate v Clancy-Cullen Stor. Co., 171 AD2d 292, 296 [1st Dept 1991] [“section 240 of the Labor Law does not give absolution to the plaintiff where his injury has been caused, exclusively, as a result, of his own willful or intentional acts” (emphasis in original)].) Plaintiff need not show that the statutory violation was the only or predominant cause of the injury; rather “[p]laintiff is required to show that the violation of section 240 of the Labor Law was a contributing cause of the accident * * * [and] once that is done, no contributory negligence on the part of plaintiff will relieve defendant of any liability.” (Tate v Clancy-Cullen Stor. Co., 171 AD2d, supra, at 296.) Here, defendant contends that plaintiff’s motion for summary judgment should be denied because an issue of fact exists whether plaintiffs negligence in “jumping” the ladder was the sole proximate cause of the accident. Following Weininger, the court agrees. But first, it must be determined whether plaintiff is, even under the facts alleged by defendant, entitled to a declaration as a matter of law that Labor Law § 240 (1) was violated.
(1) Proper Protection
Under defendant’s version of the accident, plaintiff fell while improperly using or “jumping” the ladder. Putting aside for the moment the effect of plaintiffs conduct in so using the ladder, it appears clear that the ladder did not, under this version of the facts, slip, fall, collapse or otherwise fail in its operation. There is a split in the Departments of the Appellate Division concerning whether summary judgment should be granted in such a case, and the question arises whether the recent Court of Appeals opinion in Weininger v Hagedorn & Co. (supra) resolves the conflict.
In cases involving falls from ladders or scaffolds, the Second and Third Departments have held that the issue of whether the safety device provided proper protection under the statute generally is one for the trier of fact where the ladder or scaffold does not collapse, slip or otherwise fail to perform. (Basmas v J.B.J. Energy Corp., 232 AD2d 594 [2d Dept 1996]; Quinlan v Eastern Refractories Co., 217 AD2d 819 [3d Dept 1995]; Beesimer v Albany Ave. /Rte. 9 Realty, 216 AD2d 853 [3d Dept 1995]; Styer v Vita Constr., 174 AD2d 662 [2d Dept 1991].) Under this view, the fall itself is not enough to establish a statutory violation. (Spenard v Gregware Gen. Contr., 248 AD2d 868, 869 [3d Dept 1998] [“this Court has acknowledged that ‘the mere fact that an injured worker fell from a scaffold, ladder or other sim *953 ilar safety device that did not slip, collapse or otherwise fail is insufficient to establish that the device did not provide proper protection’”], quoting Quinlan v Eastern Refractories Co., 217 AD2d 819, 820 [3d Dept 1995]; Alava v City of New York, 246 AD2d 614, 615 [2d Dept 1998] [“a fall from a scaffold does not establish, in and of itself, that proper protection was not provided”]; Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d, at 854 [“the mere fact that Beesimer fell off the scaffolding surface is insufficient, in and of itself, to establish that the device did not provide proper protection”]; Basmas v J.B.J. Energy Corp., 232 AD2d, at 595 [“fall from the scaffold was insufficient, in and of itself, to establish that proper protection was not provided”]; Springer v Clark Publ. Co., 171 AD2d 914, 915 [3d Dept 1991] [same].) This rule is recognized in 1A NY PJI3d 834, and would obtain even in a case where no evidence is adduced that plaintiff’s conduct (for example, of misusing the device) was the sole proximate cause of the fall, a separate and discreet inquiry. (Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d, at 855.)* Under plaintiffs version of the facts, he would be entitled to a declaration that the statute was violated, because the ladder slipped as he was ascending it. But under the facts we must assume for purposes of this motion (i.e., we cannot assume for purposes of this motion that the ladder merely slipped, as plaintiff contends), the issue of “proper protection” is not established as a matter of law under the Second and Third Departments’ view.
Plaintiff points out that, in addition, he was not provided with “scaffolds, ladder tie-offs, mechanical securing devices or individuals stationed at the bottom of the ladder.” The absence of such devices, plaintiff concludes, constitutes a violation of Labor Law § 240 (1) and, thus, a contributing cause of his injuries. It is indeed “well settled that failure to properly secure a ladder, to ensure that it remain steady and erect while being used, constitutes a violation of Labor Law § 240 (1)”. (Kijak v 330 Madison Ave. Corp., 251 AD2d 152, 153 [1st Dept 1998]; see also, Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381 [1st Dept 1996].) Plaintiff does not bring himself within the ambit of this rule, however, because he does not show, under the facts we must assume for purposes of this motion, that the ladder did not remain steady or erect and otherwise perform properly while being used for the work in question. Plaintiff only establishes as a matter of law on this motion (in *954 light of defendant’s admissible proof in its responding papers) that things went wrong as he tried to “jump” the ladder.
Thus, as in Beesimer (216 AD2d 853, 854, supra), this is not a case in which no safety device was provided to plaintiff, because plaintiff was given a ladder, an enumerated safety device, which performed quite satisfactorily under the facts this court must now assume when plaintiff was not “jumping” it. Unlike Anderson v Schul/Mar Constr. Corp. (212 AD2d 493 [2d Dept 1995]) and Bland v Manocherian (66 NY2d 452, 459-460 [1985], supra), the question of uneven surface or other improper placement of the ladder is sharply disputed on this record, both as to the extent of the problem, if any, and whether, if there was an uneven surface feature, it contributed to the fall. Accordingly, under the Second and Third Department’s approach, the question whether the statute was violated is one of fact for the jury even if the sole proximate cause issue was absent. (Beesimer v Albany Ave. / Rte. 9 Realty, 216 AD2d, at 854-855.)
The Fourth Department, prior to Weininger (91 NY2d 958, supra), formulated a “contrary rule” (Beesimer v Albany Ave. / Rte. 9 Realty, 216 AD2d, supra, at 854), and has not spoken since Weininger. “The law in this Department is settled that a motion for summary judgment will not be denied merely because a scaffold or ladder from which a worker fell did not break, collapse or otherwise fail”. (Abramo v Pepsi-Cola Buffalo Bottling Co., 224 AD2d 980, 981-982 [4th Dept 1996], supra; see also, Golda v Hutchinson Enters., 219 AD2d 803 [4th Dept 1995]; Ellis v Hammond & Irving, 217 AD2d 923, 924 [4th Dept 1995]; Turner v Eastman Kodak Co., 210 AD2d 883 [4th Dept 1994]; Hodge v Crouse Hinds Div., 207 AD2d 1007 [4th Dept 1994]; Walsh v Baker, 172 AD2d 1038 [4th Dept 1991].) Under the Fourth Department view, “the fact that [the worker] fell establishes [as a matter of law] that the ladder failed to provide proper protection”. (Holka v Mt. Mercy Academy, 221 AD2d 949, 950 [4th Dept 1995]; see, Beesimer v Albany Ave. / Rte. 9 Realty, 216 AD2d, at 854, n.) Excluding issues of proximate cause, plaintiff would be entitled in this Department to a determination as a matter of law that the statute was violated under the pre-Weininger approach. Whether Weininger changes this and how the sole proximate cause issue interplays with the Fourth Department rule are the subjects next discussed.
*955 (2) Proximate Cause
Applied here, and because it is clear that, under the Fourth Department approach, the issue of “proper protection” is generally one of law, the pre-Weininger approach of the Fourth Department would result in the granting of partial summary judgment to plaintiff on his section 240 (1) claim if it is also the rule that the element of “proper protection” under the statute concomitantly establishes proximate cause. (E.g., Weber v 1111 Park Ave. Realty Corp., 253 AD2d 376, 377 [1st Dept 1998] [“the question remains whether or not the ‘protective device proved inadequate’ * * * so as to constitute the proximate cause of plaintiff’s injury as a matter of law” (emphasis supplied)], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 82 NY2d 494, 501 [1993].) Some of the Fourth Department cases may be so read. (See, Abramo v Pepsi-Cola Buffalo Bottling Corp., supra; Golda v Hutchinson Enters., supra; and especially, Ellis v Hammond & Irving, supra, at 924 [“as (a) result”]; Turner v Eastman Kodak Co., supra.)
But it is not fair to characterize the Fourth Department cases in this way. None of the cited Fourth Department cases involved questions of sole proximate cause, with the possible exception of Hodge (supra), which involved only a conclusory allegation of drug impairment. Like Kijak v 330 Madison Ave. Corp. (251 AD2d 152 [1st Dept 1998], supra), a post-Weininger case, the proffered proof of drug use in Hodge failed to address the degree of plaintiff’s impairment, “or whether or not [the impairment] was even a contributing cause of the fall, let alone the sole cause.” (Kijak v 330 Madison Ave. Corp., supra, at 154.) Hodge does not hold that a plaintiff who establishes lack of “proper protection” also establishes, necessarily, proximate cause. Close examination shows that the issues of “proper protection” and proximate cause are discrete. There is a difference between raising an issue of fact whether plaintiff was provided with “proper protection”, which is relevant to the issue of the existence of a statutory violation and appears to lie at the heart of Fourth Department jurisprudence in this area, and raising an issue of “sole proximate cause”, which is a separate inquiry not often addressed in the Fourth Department cases. (Compare, Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d 853, 854, supra, with 216 AD2d, at 855.) At the same time, there is a difference between raising an issue of mere comparative negligence and raising an issue of “sole proximate cause.” (See, e.g., Kijak v 330 Madison Ave. Corp., supra, at 377.)
*956 The Fourth Department cases which speak generally in terms of the propriety of denying motions for summary judgment may appear, because of the brevity of the memorandum opinions in those cases, to conflate the inquiries, but they reálly do not, as Hodge (supra) recognized explicitly when it distinguished issues of comparative negligence from issues of sole proximate cause. Nevertheless, there is a real conflict between the approach in this Department and in the others on the question of whether a statutory violation is established merely by the fact of a fall when the ladder is not shown to be defective or otherwise to have failed. It is arguable whether Weininger’s holding necessarily resolves this conflict in favor of the Second and Third Departments’ approach, and much metaphysical reasoning justifiably may be used in favor of either argument. But it is unnecessary to resolve that question on the facts presented here, because the sole proximate cause issue is so clearly presented as one of fact, as in Weininger (supra), and because Weininger, which similarly involved a safety device which did not fail to perform, directs lower courts to separately consider the sole proximate cause issue if sufficient admissible evidence is presented concerning it, even when the statute itself was violated. Although the cited Fourth Department cases do not appear to conflate the two inquiries, for the reasons stated above, Weininger now compels discrete consideration whether defendant’s proof in opposition to the motion presents a bona fide issue of fact that plaintiffs conduct was the sole proximate cause of his fall. Because on the facts presented here such a bona fide issue exists, that alone requires denial of plaintiffs motion for summary judgment even if a statutory violation is established as a matter of law.
In Weininger v Hagedorn & Co. (91 NY2d 958 [1998], supra), the plaintiff was injured when he fell from an A-frame stepladder while running computer and telephone cables through the ceiling in defendant’s office. The record on appeal shows that defendant submitted evidence at trial thát there was nothing wrong with the stepladder and that the accident occurred because plaintiff placed his foot on the stepladder’s cross support, thereby causing the stepladder to collapse. Plaintiff, on the other hand, submitted no evidence that the ladder was defective. At the close of proof, the trial court directed a verdict in favor of plaintiff on his Labor Law § 240 (1) claim, finding as a matter of law that defendant’s violation of the statute was a proximate cause of plaintiffs injuries. The First Department affirmed without discussing the point (241 AD2d 363 [1st Dept *957 1997]), but the Court of Appeals reversed, ruling that “a reasonable jury could have concluded that plaintiffs actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) did not attach”. (91 NY2d, supra, at 960.) It necessarily follows that, whether or not the fall itself establishes a statutory violation (i.e., that the device did not provide proper protection under the Holka v Mt. Mercy Academy formulation), the fall itself does not establish the proximate or contributing cause element when evidence like that proffered in Weininger is adduced. (See also, Anderson v Schul/Mar Constr. Corp., 212 AD2d 493, supra [“obvious misuse of the ladder”].)
Because plaintiffs conduct as testified to by defendant’s representative might be viewed by a reasonable juror as constituting the sole proximate cause of the accident, i.e., excluding the statutory violation as a contributing cause of the fall, the issue of proximate cause is one of fact to be resolved at trial. Indeed, that is how the First Department recently interpreted Weininger (supra), even if it conflated the “proper protection” and proximate cause inquiries. (Weber v 1111 Park Ave. Realty Corp., 253 AD2d 376 [1st Dept 1998], supra.) Following Weininger, plaintiffs motion for partial summary judgment on the Labor Law § 240 (1) cause of action is denied.
II. LABOR LAW § 241 (6)
This portion deleted for publication.
III. COMMON-LAW INDEMNIFICATION
This portion deleted for publication.
IV. CONCLUSION
Plaintiffs’ motion for partial summary judgment pursuant to Labor Law § 240 (1) is denied because an issue of fact has been raised whether plaintiffs actions were the sole proximate cause of his injuries. For the same and other reasons, the motion is also denied insofar as plaintiffs seek summary judgment on the Labor Law § 241 (6) cause of action. Finally, the motion of defendant and third-party plaintiff for a conditional order of summary judgment on its common-law indemnification claim is denied.

 The First Department rule has been characterized as ambiguous (Beesimer v Albany Ave./Rte. 9 Realty, 216 AD2d, supra, at 854, n).