COR Veterans Mem. Dr. Co., LLC v Michaels Stores, Inc.

2026 NY Slip Op 02501

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

COR VETERANS MEMORIAL DRIVE COMPANY, LLC, PLAINTIFF-APPELLANT,

v

MICHAELS STORES, INC., DEFENDANT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

79 CA 25-00425

Present: Curran, J.P., Bannister, Smith, Ogden, And Delconte, JJ.

CULLEN AND DYKMAN LLP, ALBANY (CHRISTOPHER E. BUCKEY OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HARRIS BEACH MURTHA CULLINA PLLC, SYRACUSE (JULIAN B. MODESTI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered September 23, 2024. The order granted plaintiff's motion for leave to reargue and, upon reargument, adhered to a prior order granting defendant's motion to dismiss certain causes of action.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant rented a commercial property from plaintiff in a shopping center. The parties executed a lease that, inter alia, subjected plaintiff to an ongoing cotenancy requirement. Under the terms of the lease, if the ongoing cotenancy requirement was not satisfied for a period of six months, the minimum rent would be abated until such time as the ongoing cotenancy requirement was satisfied, and, in lieu thereof, defendant would pay "[a]lternative [r]ent."

The parties thereafter executed several amendments to the lease. In November 2018, after the parties executed the first amendment, but before the lease term under that amendment took effect, one cotenant (cotenant) closed its store. In June 2021, more than two years after the cotenant closed its store, defendant executed an estoppel certificate in which it declared that plaintiff was not in default on any provision of the lease.

Nevertheless, defendant thereafter informed plaintiff that plaintiff had not complied with the ongoing cotenancy requirement because the lease required the premises in question to be occupied by one anchor tenant, but, after the cotenant closed its store and vacated the premises, plaintiff filled the premises with two tenants. Defendant then advised that it was entitled to pay the alternative rent under the terms of the original lease upon the conclusion of the third amendment term. Plaintiff thereafter sent defendant a notice of default, terminated defendant's right of possession to the premises and commenced this action seeking, inter alia, back rent and continuing damages for defendant's alleged failure to make payments under the lease.

Subsequently, defendant moved to dismiss certain causes of action in the amended complaint and Supreme Court, upon converting defendant's motion to one for summary judgment, granted the motion and ordered defendant to pay to plaintiff all unpaid alternative rent due. Plaintiff now appeals from an order that, inter alia, granted plaintiff's motion for leave to reargue its opposition to the converted motion and, upon reargument, adhered to the court's prior determination. We affirm.

Plaintiff contends that the estoppel certificate bars defendant from claiming a rent offset under the relevant terms of the lease. We reject that contention. Assuming, arguendo, that [*2]plaintiff's failure to abide by the cotenancy requirement could be considered a default in the performance of a duty under the lease, we conclude that defendant's rights pursuant to the cotenancy requirement were not in effect at the time of the execution of the estoppel certificate (see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Linzy v Christa Constr., 238 AD2d 936, 936 [4th Dept 1997]). Instead, the parties were operating during the relevant time period under the second amendment to the lease wherein they agreed to a separate rental scheme (see generally W.W.W. Assoc., 77 NY2d at 162). We further conclude that the lease did not provide plaintiff with any entitlement to rely upon the estoppel certificate (cf. JRK Franklin, LLC v 164 E. 87th St. LLC, 27 AD3d 392, 393 [1st Dept 2006], lv denied 7 NY3d 705 [2006]). Moreover, contrary to plaintiff's further contention, it failed to satisfy the ongoing cotenancy requirement inasmuch as it filled the premises in question with two tenants instead of one as unambiguously required by the terms of the lease.

We have considered plaintiff's remaining contentions and conclude that they lack merit.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court